1    James F. Speyer (Bar No. 133114)
      james.speyer@aporter.com
2    Gabriel J. Padilla (Bar No. 227591)
      gabriel.padilla@aporter.com
3    ARNOLD & PORTER LLP
      777 Figueroa Street, 44th Floor
4    Los Angeles, California 90017
      Telephone: (213) 243-4000
5    Facsimile: (213) 243-4199

6    Angel A. Garganta (Bar No. 163957)
      angel.garganta@aporter.com
7    ARNOLD & PORTER LLP
      One Embarcadero Center, 22nd Floor
8    San Francisco, California 94111
      Telephone: (415) 356-3000
9    Facsimile: (415) 356-3099

10   Attorneys for Defendants
      Kohl's Corporation and Kohl's Department Stores, Inc.

11

12

13              UNITED STATES DISTRICT COURT

14             CENTRAL DISTRICT OF CALIFORNIA

15              CV10 7590   MMM (AGRx)

16   ANTONIO S. HINOJOS,         )   CASE NO.
      Individually and On Behalf of All    )
17   Others Similarly Situated,         )
                                 )   **DEFENDANTS' NOTICE OF**
18              Plaintiff,       )   **REMOVAL OF ACTION UNDER**
                                 )   **28 U.S.C. § 1441 (DIVERSITY OF**
19        v.                 )   **CITIZENSHIP)**
                                 )
20   KOHL'S CORP., a Wisconsin     )
      corporation; KOHL'S DEPARTMENT )
21   STORES, INC., a Delaware       )
      corporation, and DOES 1 through 50, )
22   inclusive,                     )
                                 )
23            Defendants.      )

24

25

26

27

28

30687991v1

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendants Kohl's Corporation and Kohl's Department Stores, Inc. ("Defendants") hereby remove the instant case, presently pending in the Superior Court of the State of California for the County of Los Angeles.  This removal is based on the following:

1.     On August 5, 2010, plaintiff Antonio S. Hinojos filed a complaint, entitled *Antonio S. Hinojos v. Kohl's Corp., et al.* (Case No. BC443145), in the Superior Court of the State of California for the County of Los Angeles, asserting claims against Defendants and Does 1 through 50 (the "Complaint").  A copy of the Summons and Complaint is attached hereto as Exhibit A.  Defendants were served with the Complaint on September 9, 2010.  No other pleadings have been filed in this action.

2.     This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d), and it may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(b), as explained in more detail below.

3.     Plaintiff is, and at all times since commencing this action has been, a citizen of California.

4.     None of the Defendants named in Plaintiff's complaint is a citizen of California.

5.     Defendant Kohl's Corporation is incorporated in Wisconsin and its principal place of business is in Wisconsin.

6.     Defendant Kohl's Department Stores, Inc. is incorporated in Delaware and its principal place of business is in Wisconsin.

7.     Because plaintiff is a citizen of California and the Defendants are not, there is complete diversity of citizenship for purposes of 28 U.S.C. §§ 1332 and 1441.

8.     This case is a purported class action brought on plaintiff's own behalf "and on behalf of all other persons . . . who purchased men's, women's or children's apparel or luggage on 'sale' from a Kohl's store in the State of California between

August 5, 2006 and the present." Complaint ¶ 38. The Complaint asserts that the purported class "is composed of hundreds of thousands of California individuals. . . ." *Id.* at ¶ 39. It further asserts that Kohl's allegedly wrongful conduct caused members of the putative class to buy apparel and luggage from Kohl's and "to refrain from shopping for the same or similar products from competitors of Kohl's." *Id.* at ¶ 55. According to the Complaint, the money that Kohl's received from such sales is "improperly obtained money" that should be "restore[d]" to the putative class. *Id.* at ¶¶ 57, 58.

9.     The collective amount of the total sales of men's, women's and children's apparel and luggage offered at "sale" prices at Kohl's stores in California from August 5, 2006 - August 5, 2010 exceeds $5 million. Declaration of Debbie Granger (attached hereto as Exhibit B), ¶ 4.

10.     Under 28 U.S.C. §1332(d)(2)(A), this Court has original jurisdiction over any class action in which diversity exists between the named plaintiff and a defendant and the amount in controversy exceeds the sum or value of $5 million.

11.     Pursuant to 28 U.S.C. § 1446(d), Defendants are providing written notice of this removal to plaintiff, and filing a copy of this Notice of Removal with the clerk of the Superior Court of the State of California for the County of Los Angeles.

WHEREFORE, Defendants hereby remove this action to the United States District Court for the Central District of California.

Dated: October 12, 2010.                    ARNOLD & PORTER LLP

By:_____
James F. Speyer
Attorneys for Defendants
Kohl's Corporation and Kohl's
Department Stores, Inc.

- 2 -
DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY OF CITIZENSHIP)

# EXHIBIT A

COURT FOR STATE PROCESS SERVICE, INC.

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 05 2010

John A. Clarke, Executive Officer/Clerk

By _____, Deputy
RUGENA LOPEZ

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

KOHL'S CORP., a Wisconsin Corporation; KOHL'S DEPARTMENT
STORES, INC., a Delaware Corporation; and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ANTONIO S. HINOJOS, Individually and On Behalf of All Others
similarly Situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse on Hill Street<br>111 N. Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):* BC443145 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Derek J. Emge, Emge & Associates 525 B Street, Suite 760, San Diego, CA 92101

DATE: AUG 05 2010            Clerk, by _____, Deputy
*(Fecha)*                       *(Secretario)*              RUGENA LOPEZ *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* KOHL'S CORPORATION, a Wisconsin Corporation

   under: [X] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
           [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  STANLEY • IOLA, LLP
2  MATTHEW J. ZEVIN, SBN: 170736
   525 B Street, Suite 760
3  San Diego, CA  92101
   Telephone:     (619) 235-5306
4  Facsimile:     (815) 377-8419

5  EMGE & ASSOCIATES
6  DEREK J. EMGE, SBN: 161105
   525 B Street, Suite 760
7  San Diego, CA  92101
   Telephone:     (619) 595-1400
8  Facsimile:     (619) 595-1480

CONFORMED COPY
OF ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 05 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
   RUCENA LOPEZ

9  Attorneys for Plaintiff, Antonio S. Hinojos

10          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

11             IN THE COUNTY OF LOS ANGELES

| | |
|---|---|
| 12  ANTONIO S. HINOJOS, Individually and On Behalf of All Others Similarly Situated,<br>13<br>14                    Plaintiff,<br>15  v.<br>16  KOHL'S CORP., a Wisconsin Corporation;<br>17  KOHL'S DEPARTMENT STORES, INC., a Delaware Corporation; and DOES 1 through<br>18  50, inclusive,<br>19                    Defendants.<br>20<br>21<br>22<br>23 | Case No.<br>**BC443145**<br><br>CLASS ACTION COMPLAINT FOR:<br><br>1. **Unfair Business Practices in Violation of California Business & Professions Sections 17200,** *et seq.*<br>2. **Fraudulent Business Practices in Violation of California Business & Professions Sections 17200,** *et seq.*<br>3. **Unlawful Business Practices in Violation of California Business & Professions Sections 17200,** *et seq.*<br>4. **False Advertising in Violation of California Business & Professions Sections 17500,** *et seq.*<br>5. **Violations of California Consumer Legal Remedies Act – Injunctive Relief**<br><br><u>**JURY TRIAL DEMANDED**</u> |

24
25
26
27
28

CLASS ACTION COMPLAINT

# Exhibit A

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Derek J. Emge, SBN: 161105<br>Emge & Associates<br>525 B Street, Suite 760<br>San Diego, CA 92101<br>TELEPHONE NO. 619-595-1400   FAX NO. 619-595-1480<br>ATTORNEY FOR (Name): Plaintiff, Antonio Hinojos | FOR COURT USE ONLY<br><br>CONFORMED COPY<br>OF ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>AUG 0 5 2010<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____ Deputy<br>RUGENA LOPEZ |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse on Hill Street

CASE NAME:
HINOJOS v. KOHL'S CORP.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited   [ ] Limited<br>(Amount        (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | BC443145<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties          d. [ ] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve                   in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence            f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): Five (5)
5. This case [✓] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 8/4/10

Derek J. Emge
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| HINOJOS v. KOHL'S CORP. | BC443145 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL _____ ☐ HOURS/ ☐ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death -- Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | (1.) 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: HINOJOS v. KOHL'S CORP. | | CASE NUMBER |
|---|---|---|

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort (Cont'd.)** | | |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | | |
| Breach of Contract/Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation     Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0.
Page 2 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| HINOJOS v. KOHL'S CORP. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

| SHORT TITLE: HINOJOS v. KOHL'S CORP. | CASE NUMBER |
|---|---|

Item III. *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: 111 N. Hill Street |
|---|---|
| ☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90012 | |
|---|---|---|---|

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: 8/4/10

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

## PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 09/03/10 | | DEPT. 324 |
| HONORABLE EMILIE H. ELIAS      JUDGE | A. MORALES | DEPUTY CLERK |
| HONORABLE                    JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE             Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | BC443145 | Plaintiff Counsel | NO APPEARANCES |
| | ANTONIO S HINOJOS VS KOHLS CORP ET AL | Defendant Counsel | |
| | NON-COMPLEX (09-03-10) | | |

**NATURE OF PROCEEDINGS:**

COURT ORDER

This Court makes its determination whether or not this case should be deemed complex pursuant to Rule 3.400 of the California Rules of Court.

This case is designated non-complex and is reassigned to Judge Debra Katz Weintraub in Department 47 at Stanley Mosk Courthouse for all further proceedings.

Court orders any complex case fee to be refunded..

Plaintiff is ordered to serve a copy of this minute order on all parties forthwith and file a proof of service in Department 47 within five (5) days of service.

Any party objecting to the non-complex designation must file an objection and proof of service in Department 324 within ten (10) days of service of this minute order. Any response to the objection must be filed in Department 324 within seven (7) days of service of the objection. This Court will make its ruling on the submitted pleadings.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

MINUTES ENTERED
09/03/10
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 09/03/10                                                    DEPT. 324

HONORABLE  EMILIE H. ELIAS         JUDGE | A. MORALES            DEPUTY CLERK

HONORABLE                          JUDGE PRO TEM            ELECTRONIC RECORDING MONITOR

          NONE              Deputy Sheriff | NONE                    Reporter

8:30 am | BC443145

        ANTONIO S HINOJOS                Plaintiff
                                         Counsel        NO APPEARANCES
        VS
        KOHLS CORP ET AL                 Defendant
                                         Counsel

        NON-COMPLEX (09-03-10)

**NATURE OF PROCEEDINGS:**

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
09-03-10 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 09-03-10

John A. Clarke, Executive Officer/Clerk

By:  _KIN HILAIRE_____
          K. HILAIRE


STANLEY · IOLA, LLP
Matthew J. Zevin, Esq.
525 "B" Street, Suite 760
San Diego, California  92101


                    Page   2 of  2   DEPT. 324        MINUTES ENTERED
                                                      09/03/10
                                                      COUNTY CLERK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____ BC443145

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 1 | 534 | | Hon. Holly E. Kendig | 42 | 416 | |
| Hon. J. Stephen Czuleger | 3 | 224 | | Hon. Mel Red Recana | 45 | 529 | |
| Hon. Luis A. Lavin | 13 | 630 | | Hon. Debre Katz Weintraub | 47 | 507 | |
| Hon. Terry A. Green | 14 | 300 | | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Richard Fruin | 15 | 307 | | Hon. Conrad Aragon | 49 | 509 | |
| Hon. Rita Miller | 16 | 306 | | Hon. John Shepard Wiley Jr. | 50 | 508 | |
| Hon. Richard E. Rico | 17 | 309 | | Hon. Abraham Khan | 51 | 511 | |
| Hon. Rex Heeseman | 19 | 311 | | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Kevin C. Brazile | 20 | 310 | | Hon. John P. Shook | 53 | 513 | |
| Hon. Zaven V. Sinanian | 23 | 315 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Mary Ann Murphy | 25 | 317 | | Hon. Jane L. Johnson | 56 | 514 | |
| Hon. James R. Dunn | 26 | 316 | | Hon. Ralph W. Dau | 57 | 517 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. John A. Kronstadt | 30 | 400 | | Hon. David L. Minning | 61 | 632 | |
| Hon. Alan S. Rosenfield | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Mary H. Strobel | 32 | 406 | | Hon. Kenneth R. Freeman | 64 | 601 | |
| Hon. Charles F. Palmer | 33 | 409 | | Hon. Mark Mooney | 68 | 617 | |
| Hon. Amy D. Hogue | 34 | 408 | | Hon. Ramona See | 69 | 621 | |
| Hon. Daniel Buckley | 35 | 411 | | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Joanne O'Donnell | 37 | 413 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. William F. Fahey | 78 | 730 | |
| Hon. Michael C. Solner | 39 | 415 | | **Hon. Emilie H. Elias*** | 324 | CCW | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | | Other | | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | | | |

*Class Actions
All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____    JOHN A. CLARKE, Executive Officer/Clerk
By _____, Deputy Clerk

LACIV CCH 190 (Rev. 04/10)                    NOTICE OF CASE ASSIGNMENT --                    Page 1 of 2
LASC Approved 05-06                               UNLIMITED CIVIL CASE

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
### [CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What Is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate**
> Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate**
> Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate**
> Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate**
> If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

> **Cases for Which Neutral Evaluation May Be Appropriate**
> Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

> **Cases for Which Neutral Evaluation May Not Be Appropriate**
> Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev. 05/09)                                                                          Page 1 of 2
LASC Approved 10-03

1    Plaintiff, Antonio S. Hinojos, ("Plaintiff") by and through his attorneys, brings this class
2    action against Defendants Kohl's Corporation and Kohl's Department Stores, Inc. (collectively
3    "Kohl's" or "Defendants"), on his own behalf and on behalf of all others similarly situated, and
4    alleges as follows based upon personal knowledge and the investigation of his counsel:

5                                  **NATURE OF THE ACTION**

6           1.      This is a class action against Kohl's for falsely advertising price discounts for its
7    apparel and luggage.  In its direct marketing to consumers via in-store advertising displays, print
8    advertising and via its Internet Web site (www.kohls.com), Kohl's advertises false former prices
9    and false price discounts for its apparel and luggage.

10          2.      During at least the past four years, Kohl's has misrepresented the nature and
11   amount of product discounts by purporting to offer specific dollar discounts from expressly
12   referenced former retail prices, which are misrepresented as *"regular"* or *"original"* retail prices.
13   These purported discounts are false, however, because the referenced former retail prices are
14   fabricated and inflated and do not represent Kohl's true "regular" or "original" retail prices for its
15   apparel and luggage lines.  Furthermore, the advertised former prices for Kohl's apparel and
16   luggage lines are not, and have never been, the prevailing market retail prices within three months
17   next immediately preceding the publication and dissemination of the advertised former prices, as
18   required by California law.

19          3.      The Federal Trade Commission (FTC) describes false former pricing schemes,
20   similar to Kohl's in all material respects, as deceptive:

> One of the most commonly used forms of bargain advertising is to offer a
> reduction from the advertiser's own former price for an article. If the former price
> is the actual, bona fide price at which the article was offered to the public on a
> regular basis for a reasonably substantial period of time, it provides a legitimate
> basis for the advertising of a price comparison.  Where the former price is genuine,
> the bargain being advertised is a true one.  If, on the other hand, the former price
> being advertised is not bona fide but fictitious – for example, where an artificial
> price, inflated price was established for the purpose of enabling the subsequent
> offer of a large reduction – the "bargain" being advertised is a false one; the
> purchaser is not receiving the unusual value he expects.

27   16 C.F.R. § 233.1(a).

28

4.    California statutory and regulatory law also expressly prohibits false former pricing schemes. Cal. Bus. & Prof. Code § 17501, entitled "*Value determinations; Former price advertisements*," states:

> For the purpose of this article the worth or value of any thing advertised is the prevailing market price, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published.
>
> *No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement* or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement. [Emphasis added.]

5.    Title 4 of the California Code of Regulations, Section 1301, entitled "*Former Price, Defined*," states:

> The term "former price" as used in *Section 17501 of the Business and Professions Code* and in this article includes but is not limited to the following words and phrases when used in connection with advertised prices; "formerly--," "regularly--," "usually--," "originally--," "reduced from __," "was__ now __" "__% off." [Emphasis added.]

6.    Upon information and belief, Kohl's false price advertising scheme, disseminated to California consumers via in-store display advertising, internet advertising and print advertising, has been rampant throughout California as part of a massive, years-long, pervasive campaign and has been consistent across all of Kohl's men's, women's and children's apparel lines, and luggage lines. For example, Kohl's in-store display advertising is prominently displayed directly above the display racks of men's, women's and children's apparel products and luggage products, which expressly reference former "*regular*" or "*original*" retail prices that have never existed and/or at no point in time constituted the prevailing market retail prices for such apparel and luggage products. Furthermore, upon check-out, California consumers, including Plaintiff, have received sales receipts continuing the misrepresentations regarding false former prices and price reductions. For example, the false former price is listed on the left-hand margin of the sales receipt as the "*Item Price*" with the purported sale price listed on the right-hand margin of the sales receipt. In the middle of the sales receipt, between the false former price and purported sale price, Kohl's continues its campaign to mislead consumers about the amount purportedly saved ("*You Save*") on

2

1    each product. Below the total amount purchased at the bottom of the sales receipt, Kohl's

2    misrepresents to consumers the total amount purported saved ("*You Save*") on the entire purchase

3    transaction.[1]

4           7.     Upon information and belief, hundreds of thousands of California consumers have

5    been victims of Kohl's deceptive, misleading and unlawful pricing scheme. Kohl's false

6    advertising focuses reasonable purchasers' attention on fictitious price discounts. As a result,

7    purchasers, including Plaintiff, have reasonably perceived that they are receiving valuable price

8    reductions on their purchases of women's, men's and children's apparel and luggage. This

9    perception has induced reasonable purchasers, including Plaintiff, to buy such products from

10   Kohl's and to refrain from shopping for the same or similar products from competitors of Kohl's.

11          8.     Kohl's knows or should reasonably know that its comparative price advertising is

12   deceptive, misleading and unlawful.

13          9.     Kohl's has fraudulently concealed from and intentionally failed to disclose to

14   Plaintiff and others similarly situated the truth about its advertised price discounts and former

15   prices.

16         10.    At all relevant times, Kohl's has been under a duty to Plaintiff and others similarly

17   situated to disclose the truth about its "former" and "original" prices.

18         11.    The facts which Kohl's misrepresented or failed to disclose are material facts that

19   a reasonable person would have considered material, i.e., facts which would contribute to a

20   reasonable person's decision to purchase women's, men's and children's apparel and luggage.

21   Kohl's false representations of discounts from former "regular" or "original" prices and false

22   representations of purported savings, discounts and bargains are objectively material to the

23   reasonable consumer, and therefore reliance upon such representations may be presumed as a

24   matter of law.

25         12.    Plaintiff relied upon such false representations of discounts from former "regular"

26   or "original" prices and false representations of purported savings, discounts and bargains when

27   purchasing apparel and luggage at Kohl's.

28   [1] *See* true and correct copy of Plaintiff's sales receipt, dated May 6, 2010, attached hereto as
Exhibit A.

3

13.     Plaintiff and others similarly situated reasonably and justifiably acted and relied to their detriment on Kohl's failure to disclose, and concealment of, the truth about Kohl's false former price advertising scheme in purchasing apparel and luggage at Kohl's.

14.     Kohl's intentionally concealed and failed to disclose the truth about its misrepresentations and false former price advertising scheme for the purpose of inducing Plaintiff and others similarly situated to purchase women's, men's and children's apparel and luggage at Kohl's.

15.     Through its false and deceptive marketing, advertising and pricing scheme, Kohl's has violated California law prohibiting advertising goods for sale as discounted from former prices which are false, and prohibiting misleading statements about the existence and amount of price reductions.  Specifically, Kohl's has violated, and continues to violate, California's Business & Professions Code §§ 17200, *et seq.* (the "UCL"), California's Business & Professions Code §§ 17500, *et seq.* (the "FAL"), as well as the California Consumers' Legal Remedies Act, California Civil Code §§ 1750, *et seq.* (the "CLRA").

16.     The claims and issues asserted herein are governed by California state law.  The State of California has the greatest interest in policing corporate conduct occurring within the State that affects the rights and interests of its citizens.

17.     Plaintiff, individually and on behalf of all others similarly situated, seeks restitution and injunctive relief to stop Kohl's rampant false advertising.

**PARTIES**

18.     Plaintiff Antonio S. Hinojos is a resident of West Covina, California in Los Angeles County who, in reliance on Defendants' false and deceptive advertising, marketing and pricing schemes, used his Kohl's credit card to purchase over $500.00 in apparel and luggage products at Kohl's Glendora, California location on May 6, 2010, and was damaged thereby.

19.     Defendant Kohl's Corporation is a publicly traded Wisconsin Corporation (NYSE: KSS) with its principal executive offices in Menomonee Falls, Wisconsin.  According to its most recent Form 10-K for the fiscal year ending January 30, 2010, Kohl's Corp. "operate[s] family-oriented department stores that sell moderately priced apparel, footwear and accessories for

4

1    women, men and children; soft home products such as sheets and pillows; and housewares." As

2    stated in its most recent Form 10-K, in 2009 Kohl's Corp.'s annual advertising costs, net of related

3    vendor allowances, were $846 million.

4         20.    Defendant Kohl's Department Stores, Inc. is a Delaware Corporation registered to

5    do business in the State of California, with its principal executive offices in Menomonee Falls,

6    Wisconsin.  Kohl's Department Stores, Inc. is a wholly owned subsidiary of Kohl's Corporation

7    and operates 121 retail Kohl's stores in the State of California.

8         21.    Plaintiff does not know the true names and capacities of defendants sued herein as

9    DOES 1 through 50, inclusive, and will amend this Complaint to set forth the true names and

10   capacities of said defendants, along with the appropriate charging allegations when the same have

11   been ascertained.

12        22.    Plaintiff is informed and believes, and on that basis alleges, that each of the

13   fictitiously named defendants was in some manner legally responsible for the actionable and

14   unlawful actions, policies and practices as alleged herein.  Plaintiff will amend this Complaint to

15   set forth the true names and capacities of said defendants, along with the appropriate charging

16   allegations when the same have been ascertained.

17        23.    Plaintiff is informed and believes, and thereon alleges, that at all times mentioned

18   herein, all defendants, and each of them, were acting as the agent and/or employee of each

19   remaining co-defendant, and were acting with permission and consent of each other, and within

20   the course and scope of said agency and/or employment.  Plaintiff is further informed and believes

21   that each co-defendant, by and through its officers, directors or managing agents ratified,

22   authorized and approved, expressly or implicitly, all of the conduct alleged herein.

23        24.    When in this Complaint reference is made to any act of the "Kohl's" or

24   "Defendants," such shall be deemed to mean that officers, directors, agents, employees, or

25   representatives of the Defendants named in this lawsuit committed or authorized such acts, or

26   failed and omitted to adequately supervise or properly control or direct their employees while

27   engaged in the management, direction, operation or control of the affairs of the Defendants and did

28   so while acting within the scope of their employment or agency.

CLASS ACTION COMPLAINT

25.     When in this Complaint reference is made to any act by "Kohl's" or "Defendants," such allegations and reference shall also be deemed to mean the acts and failures to act of each of the named Defendants acting individually, jointly and severally.

## JURISDICTION AND VENUE

26.     Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

27.     This Court has jurisdiction over all causes of action asserted herein pursuant to California Constitution, Article VI, Sec. 10, because this case is a cause not given by statute to other trial courts.

28.     This Court has jurisdiction over Defendants because each co-defendant is a corporation or other business entity authorized to do business in the State of California and registered with the California Secretary of State to do sufficient business with sufficient minimum contacts in California, and/or otherwise intentionally avail itself of the California market through the ownership and operation of more than a hundred retail stores within the State of California, to render the exercise of jurisdiction by the California courts consistent with traditional notions of fair play and substantial justice.

29.     Venue as to each Defendant is proper in this judicial district, pursuant to Code of Civil Procedure § 395. Defendants' actionable and unlawful conduct as to Plaintiff and numerous other consumers occurred in the County of Los Angeles, State of California.

## FACTUAL ALLEGATIONS

30.     On May 6, 2010, Plaintiff used his Kohl's credit card to purchase numerous apparel and luggage items at a Kohl's retail store in Los Angeles County located at 1225 S. Lone Hill Ave., Glendora, California 91740. Plaintiff purchased such apparel and luggage items after viewing and relying on KOHL'S advertising that included false discounts and false "Regular" and "Original" former prices for such products. Relying upon Kohl's misrepresentations and false and deceptive advertising, Plaintiff purchased a *Samsonite Drive Dual-Wheel Spinner Collection* 21" Carry-on Upright luggage item that Kohl's falsely represented as being "50% off" with a "Sale" price of $149.99 and having a former "Regular" price of $299.99. Upon information and belief,

6

1    these purported price reductions and savings were false and deceptive, as the prevailing retail price

2    for the *Samsonite* luggage item during the three months immediately prior to Plaintiff's purchase

3    of such item was materially lower than $299.99. As a result, Plaintiff has been victimized by

4    Defendants' unlawful, unfair and fraudulent conduct.

5         31.    Furthermore, upon check-out on May 6, 2010 at the Kohl's Glendora, California

6    location, Kohl's provided Plaintiff with a sales receipt containing the same misrepresentations

7    regarding false former prices and price reductions on the *Samsonite* luggage item. The false

8    former price of $299.99 was listed on the left-hand margin of the sales receipt as the *"Item Price"*

9    with the purported sale price of $149.99 listed on the right-hand margin of the sales receipt. In the

10   middle of the sales receipt, between the false former price and purported sale price, Kohl's

11   continued its misrepresentations to Plaintiff with a false and deceptive amount of $150.00 in

12   savings (*"You Save"*) on the *Samsonite* luggage item.[2]

13        32.    Similar acts of false advertising were committed by Kohl's with respect to

14   Plaintiff's purchase of several items of apparel. For instance, on May 6, 2010 at the Kohl's

15   Glendora, California location, relying upon Kohl's misrepresentations and false and deceptive

16   advertising, Plaintiff also purchased *Chaps Solid Pique Polo* shirts that Kohl's falsely represented

17   to Plaintiff as having a "Sale" price of $21.99 and a former "Original" price of $36.00. These

18   purported price reductions and savings were also false and deceptive, as the prevailing retail price

19   for the *Chaps Solid Pique Polo* shirts during the three months prior to Plaintiff's purchase of such

20   items was materially lower than $36.00. As a result, Plaintiff has been victimized by Defendants'

21   unlawful, unfair and fraudulent conduct.

22        33.    On May 6, 2010, relying upon Kohl's misrepresentations and false and deceptive

23   advertising, Plaintiff also purchased *Chaps Sportswear Flat Front* shorts that Kohl's falsely

24   represented to Plaintiff as having a "Sale" price of $26.99 and a former "Original" price of $39.50.

25   The purported price reduction and savings were also false and deceptive, as the prevailing retail

26   price for the *Chaps Sportswear Flat Front* shorts during the three months prior to Plaintiff's

27   purchase of such items was materially lower than $39.50. As a result, Plaintiff has been

28   ---
[2] *See* Exhibit A to this Complaint.

7

1  victimized by Defendants' unlawful, unfair and fraudulent conduct.

2      34.    On May 6, 2010, relying upon Kohl's misrepresentations and false and deceptive
3  advertising, Plaintiff also purchased *Chaps Jersey Pocket Tee* shirts that Kohl's falsely represented
4  to Plaintiff as having a "Sale" price of $15.60 and a former "Original" price of $26.00.  The
5  purported price reduction and savings were also false and deceptive, as the prevailing retail price
6  for the *Chaps Jersey Pocket Tee* shirts during the three months prior to Plaintiff's purchase of such
7  items was materially lower than $26.00.  As a result, Plaintiff has been victimized by Defendants'
8  unlawful, unfair and fraudulent conduct.

9      35.    On May 6, 2010, relying upon Kohl's misrepresentations and false and deceptive
10 advertising, Plaintiff also purchased *Sonoma Life & Style Henley Tops* shirts that Kohl's falsely
11 represented to Plaintiff as having a "Sale" price of $13.20 and a former "Original" price of $22.00.
12 The purported price reduction and savings were also false and deceptive, as the prevailing retail
13 price for the *Sonoma Life & Style Henley Tops* shirts during the three months prior to Plaintiff's
14 purchase of such items was materially lower than $22.00.   As a result, Plaintiff has been
15 victimized by Defendants' unlawful, unfair and fraudulent conduct.

16     36.    Upon check-out on May 6, 2010, Kohl's continued its deception by including on
17 the sales receipt, the false representation to Plaintiff that he received $298.07 in savings ("*You*
18 *Save*") on his entire May 6, 2010 Kohl's credit card purchase transaction.[3]  These savings never
19 existed, as they were unlawfully, unfairly and fraudulently based upon Kohl's false former price
20 advertising schemes.  Plaintiff therefore never received the actual value of the $298.07 in price
21 discounts Kohl's promised him. As a result, Plaintiff has been damaged by Defendants' unlawful,
22 unfair and fraudulent conduct.

23                          **CLASS ALLEGATIONS**

24     37.    Plaintiff realleges by reference, as if fully set forth herein, all of the above
25 Paragraphs.

26     38.    Plaintiff brings this action on his own behalf and on behalf of all other persons
27 similarly situated.  The class Plaintiff seeks to represent is defined as:

28 _____
   [3]  *See* Exhibit A to this Complaint.

                                    8

All Persons who purchased men's, women's or children's apparel or luggage on "sale" from a Kohl's store in the State of California between August 5, 2006 and the present.

Excluded from the Class are Defendants, as well as their officers, employees, agents or affiliates, and any judge who presides over this action, as well as all past and present employees, officers and directors of Kohl's.  Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with his motion for class certification, or at any other time, based upon, inter alia, changing circumstances and/or new facts obtained during discovery.

39.    **Numerosity**: The Class is composed of hundreds of thousands of California individuals, whose joinder of this action would be impracticable.  The disposition of their claims through this class action will benefit Class members, the parties, and the courts.

40.    **Existence and Predominance of Common Questions of Fact and Law**: There is a well-defined community of interest in questions of law and fact affecting the Class.  These questions of law and fact predominate over individual questions affecting individual Class members, including, but not limited to, the following:

(a)    Whether Kohl's falsely advertises price discounts from former "regular" and "original" prices on women's, men's and children's apparel and luggage products sold at Kohl's in California;

(b)    Whether Kohl's advertised "regular" and/or "original" prices were the prevailing market prices on women's, men's and children's apparel and luggage products sold at Kohl's in California during the three month periods preceding the dissemination and/or publication of the advertised former prices;

(c)    Whether Kohl's use of advertising and other representations constitute false advertising under California law;

(d)    Whether Kohl's engaged in unfair, unlawful and/or fraudulent business practices under California law;

(e)    Whether Kohl's failed to disclose material facts about product pricing and discounts;

9

CLASS ACTION COMPLAINT

(f)     Whether Kohl's has made false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions;

(g)     Whether Kohl's conduct, as alleged herein, is intentional and knowing;

(h)     Whether Class members are entitled to damages and/or restitution; and, if so, what is the amount of revenues and profits Kohl's received and/or was lost by Class members as a result of the conduct alleged herein;

(i)     Whether Class members are threatened with irreparable harm or are otherwise entitled to injunctive and other equitable relief; and, if so, what is the nature of such relief;

(j)     Whether a backward-reaching injunction is required to remedy the past effects of the unlawful, unfair and fraudulent conduct alleged herein; and if so, what steps are required of Kohl's to correct the consequences of its past wrongful acts alleged herein;

(k)     Whether Plaintiff and Class members are entitled to an award of reasonable attorneys' fees, pre-judgment interest and costs of suit.

41.     **Typicality**: Plaintiff's claims are typical of, and are not antagonistic to, the claims of all Class members. Plaintiff and the Class he seeks to represent have all been deceived and damaged by Kohl's false former price advertising schemes, as alleged herein. Plaintiff and all Class members have similarly suffered injury arising from Kohl's unfair, unlawful and deceptive conduct, as described herein.

42.     **Adequacy**: Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class members he seeks to represent. Plaintiff will fairly and adequately represent and protect the interest of the Class because he is not antagonistic to the Class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation.

43.     **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's and Class members' claims. Plaintiff and members of the Class have suffered harm as a result of Kohl's unfair, unlawful and fraudulent conduct. Because of the relatively modest size of individual Class members' claims, few, if any, Class members

10

CLASS ACTION COMPLAINT

1    could afford to seek legal redress of the wrongs complained of herein on an individual basis.

2    Absent the class action, Class members will continue to suffer losses and the violations of law

3    described herein will continue without remedy, and Kohl's will be permitted to retain the proceeds

4    of its misdeeds.

5         44.    All Class members, including Plaintiff, were exposed to one or more of Kohl's

6    misrepresentations or omissions of material fact claiming that former "regular" and "original"

7    advertised prices were in existence.  Due to the scope and extent of Kohl's consistent false price

8    advertising scheme, disseminated in a massive, years-long campaign to California consumers via in-

9    store display advertising, internet advertising and print advertising, it can be reasonably inferred that

10   such misrepresentations or omissions of material fact were uniformly made to all members of the

11   Class.  In addition, it can be reasonably presumed that all Class members, including Plaintiff,

12   affirmatively acted in response to the representations contained in Kohl's false advertising scheme

13   when purchasing men's, women's and children's apparel and luggage at Kohl's stores in California.

14                    **FIRST CAUSE OF ACTION**

15            **(Violation of the "Unfair" Prong of the UCL)**

16        45.    Plaintiff realleges by reference, as if fully set forth herein, all of the above

17   Paragraphs.

18        46.    The UCL defines unfair business competition to include any "unlawful, unfair or

19   fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising.

20   Cal. Bus. & Prof. Code § 17200.

21        47.    A business act or practice is "unfair" under the Unfair Competition Law if the

22   reasons, justifications and motives of the alleged wrongdoer are outweighed by the gravity of the

23   harm to the alleged victims.

24        48.    Kohl's has violated and continues to violate the "unfair" prong of the UCL by

25   falsely representing that its California consumers are receiving a price discount from a referenced

26   "regular" or "original" former price of its apparel and luggage where Kohl's, in fact, has inflated

27   the purported "regular" or "original" prices for such products such that the promised discount is

28   false, misleading and deceptive.

                              11

49.     These acts and practices are unfair because they are likely to cause consumers to falsely believe that Kohl's is offering value, discounts or bargains from the prevailing market value or worth of the products sold that do not, in fact, exist.  As a result, purchasers, including Plaintiff, have reasonably perceived that they are receiving valuable price reductions on purchases of women's, men's and children's apparel and luggage at Kohl's.  This perception has induced reasonable purchasers, including Plaintiff, to buy such products from Kohl's and to refrain from shopping for the same or similar products from competitors of Kohl's.

50.     The gravity of the harm to members of the Class resulting from these unfair acts and practices outweighs any conceivable reasons, justifications and/or motives of Kohl's for engaging in such deceptive acts and practices.  By committing the acts and practices alleged above, Kohl's has engaged, and continues to engage, in unfair business practices within the meaning of California Business & Professions Code §§ 17200, *et seq.*

51.     Through its unfair acts and practices, Kohl's has improperly obtained money from Plaintiff and the Class, and continues to improperly obtain money from the general public.  As such, Plaintiff requests that this Court cause Kohl's to restore this money to Plaintiff and all Class members, and to enjoin Kohl's from continuing to violate the UCL as discussed herein.  Otherwise, Plaintiff, the Class and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.  Plaintiff also requests that this Court order a backward-reaching injunction in order to remedy the past effects of the unfair conduct alleged herein.

## SECOND CAUSE OF ACTION

### (Violation of the "Fraudulent" Prong of the UCL)

52.     Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

53.     The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. & Prof. Code § 17200.

12

CLASS ACTION COMPLAINT

54.   A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

55.   Kohl's marketing and advertising materials concerning false "regular" or "original" former prices, including, but not limited to, its in-store advertising displays, print advertising, and internet website advertising are "fraudulent" within the meaning of the UCL because they are likely to deceive members of the general public into believing that Kohl's is offering value, discounts or bargains from the prevailing market value or worth of the products sold that do not, in fact, exist.   As a result, purchasers, including Plaintiff, have reasonably perceived that they are receiving valuable price reductions on purchases of women's, men's and children's apparel and luggage at Kohl's.   This perception has induced reasonable purchasers, including Plaintiff, to buy such products from Kohl's and to refrain from shopping for the same or similar products from competitors of Kohl's.

56.   Kohl's acts and practices as described herein have deceived Plaintiff and are highly likely to deceive members of the consuming public.   Specifically, in deciding to purchase apparel and luggage at Kohl's, Plaintiff relied on Kohl's misleading and deceptive representations regarding its "regular," "original," and "sale" price.   Each of these factors played a substantial role in Plaintiff's decision to purchase those products at Kohl's, and Plaintiff would not have purchased those items at Kohl's in the absence of Kohl's misrepresentations.   Accordingly, Plaintiff suffered monetary loss as a direct result of Kohl's practices described herein.

57.   As a result of the conduct described above, Kohl's has been, and will continue to be, unjustly enriched at the expense of Plaintiff and members of the proposed Class.   Specifically, Kohl's has been unjustly enriched by obtaining revenues and profits that it would not otherwise have obtained absent its false, misleading and deceptive conduct.

58.   Through its unfair acts and practices, Kohl's has improperly obtained money from Plaintiff and the Class, and continues to improperly obtain money from the general public.   As such, Plaintiff requests that this Court cause Kohl's to restore this money to Plaintiff and all Class members, and to enjoin Kohl's from continuing to violate the UCL as discussed herein.   Otherwise, Plaintiff, the Class and members of the general public may be irreparably harmed

13

1    and/or denied an effective and complete remedy if such an order is not granted. Plaintiff also

2    requests that this Court order a backward-reaching injunction in order to remedy the past effects of

3    the unfair conduct alleged herein.

### THIRD CAUSE OF ACTION

### (Violation of the "Unlawful" Prong of the UCL)

6    59.    Plaintiff realleges by reference, as if fully set forth herein, all of the above

7    Paragraphs.

8    60.    The UCL defines unfair business competition to include any "unlawful, unfair or

9    fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising.

10   Cal. Bus. & Prof. Code § 17200.

11   61.    A business act or practice is "unlawful" under the UCL if it violates any other law

12   or regulation.

13   62.    The Federal Trade Commission (FTC) describes false former pricing schemes,

14   similar to Kohl's in all material respects, as deceptive:

(a) One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article. If the former price is the actual, bona fide price at which the article was offered to the public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison. Where the former price is genuine, the bargain being advertised is a true one. If, on the other hand, the former price being advertised is not bona fide but fictitious – for example, where an artificial price, inflated price was established for the purpose of enabling the subsequent offer of a large reduction – the "bargain" being advertised is a false one; the purchaser is not receiving the unusual value he expects.

(b) A former price is not necessarily fictitious merely because no sales at the advertised price were made.  The advertiser should be especially careful, however, in such a case, that the price is one at which the product was openly and actively offered for sale, for a reasonably substantial period of time, in the recent, regular course of his business, honestly and in good faith – and, of course, not for the purpose of establishing a fictitious higher price on which a deceptive comparison might be based.

26   16 C.F.R. § 233.1.

27   63.    California statutory and regulatory law also expressly prohibits false former pricing

28   schemes.  Cal. Bus. & Prof. Code § 17501, entitled *"Value determinations; Former price*

14

1  *advertisements*," states:

> For the purpose of this article the worth or value of any thing advertised is the prevailing market price, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published.
>
> *No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement* or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement. [Emphasis added.]

64.  Title 4 of the California Code of Regulations, Section 1301, entitled "*Former Price, Defined*," states:

> The term "former price" as used in *Section 17501 of the Business and Professions Code* and in this article includes but is not limited to the following words and phrases when used in connection with advertised prices; "formerly--," "regularly--," "usually--," "originally--," "reduced from __," "was__ now __" "__% off." [Emphasis added.]

65.  Kohl's use of and reference to a "regular" or "original" price, or purported discounts of "__% off," in connection with its marketing and advertisements concerning its women's, men's and children's apparel and luggage violates Title 16, Code of Federal Regulations, Section 233, Cal. Bus. & Prof. Code § 17501 and Title 4, California Code of Regulations, Section 1301 by advertising false discounts from purported former prices that were, in fact, not the prevailing market prices within three months next preceding the publication and dissemination of advertisements containing the false former prices.

66.  As a result of the conduct described above, Kohl's has been, and will continue to be, unjustly enriched at the expense of Plaintiff and members of the proposed Class. Specifically, Kohl's has been unjustly enriched by obtaining revenues and profits that it would not otherwise have obtained absent its false, misleading and deceptive conduct.

67.  Through its unfair acts and practices, Kohl's has improperly obtained money from Plaintiff and the Class, and continues to improperly obtain money from the general public. As such, Plaintiff requests that this Court cause Kohl's to restore this money to Plaintiff and all Class members, and to enjoin Kohl's from continuing to violate the UCL as discussed herein. Otherwise, Plaintiff, the Class and members of the general public may be irreparably harmed

15

CLASS ACTION COMPLAINT

1   and/or denied an effective and complete remedy if such an order is not granted. Plaintiff also

2   requests that this Court order a backward-reaching injunction in order to remedy the past effects of

3   the unfair conduct alleged herein.

### FOURTH CAUSE OF ACTION

4

5   **(Violation of the California False Advertising Law,
California Business & Professions Code Sections 17500, *et seq.*)**

6

7       68.   Plaintiff realleges by reference, as if fully set forth herein, all of the above

8   Paragraphs.

9       69.   The California False Advertising Law, prohibits unfair, deceptive, untrue, or

10   misleading advertising, including, but not limited to, false statements as to worth, value and former

11   price.

12       70.   Kohl's practice of advertising "regular" or "original" sales prices associated with

13   women's, men's and children's apparel and luggage sold at Kohl's, which are materially greater

14   than the true prevailing prices of those products is an unfair, deceptive and misleading advertising

.15   practice because it gives the false impression that the products sold at Kohl's are of a higher

16   quality, value and worth than they actually are. In fact, the women's, men's and children's apparel

17   and luggage sold at Kohl's do not have a prevailing market price anywhere close to the "regular"

18   or "original" price advertised by Kohl's.

19       71.   Through its unfair acts and practices, Kohl's has improperly obtained money from

20   Plaintiff and the Class, and continues to improperly obtain money from the general public.  As

21   such, Plaintiff requests that this Court cause Kohl's to restore this money to Plaintiff and all Class

22   members, and to enjoin Kohl's from continuing to violate the UCL as discussed herein.

23   Otherwise, Plaintiff, the Class and members of the general public may be irreparably harmed

24   and/or denied an effective and complete remedy if such an order is not granted. Plaintiff also

25   requests that this Court order a backward-reaching injunction in order to remedy the past effects of

26   the unfair conduct alleged herein.

27

28

# FIFTH CAUSE OF ACTION

**(Violation of the Consumers Legal Remedies Act – Injunctive Relief**
**California Civil Code Sections 1750, _et seq._)**

72.    Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

73.    This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §§ 1750, _et seq._ (the "CLRA").

74.    Plaintiff and each member of the proposed Class are "consumers" within the meaning of Civil Code § 1761(d).

75.    Kohl's sale of apparel, luggage and other products to Plaintiff and the Class are "transactions" within the meaning of Civil Code § 1761(e). The apparel, luggage and other products purchased by Plaintiff and the Class are "goods" within the meaning of Civil Code § 1761(a).

76.    Kohl's has engaged in unfair methods of competition and unfair and/or deceptive acts or practices against Plaintiff and the members of the Class, in violation of the CLRA, by falsely representing that consumers, including Plaintiff, were receiving a price discount from referenced "regular" or "original" sales prices of its apparel and luggage where Kohl's inflated the purported "regular" and "original" prices such that the promised discount, value and bargain were false, in violation of Cal. Civ. Code § 1770, subsection (a)(9) ("[a]dvertising goods or services with intent not to sell them as advertised") and subsection (a)(13) ("[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions").

77.    As a result of these acts and practices, Plaintiff and the Class were damaged in that Kohl's unlawful and misleading acts and practices alleged herein played a substantial and material role in Plaintiff's and the Class' decision to purchase apparel and luggage at Kohl's. Absent these acts and practices, Plaintiff and the Class would not have purchased the apparel and luggage that they did from Kohl's.

78.    Pursuant to California Civil Code § 1780(a)(2), Plaintiff, on behalf of himself and the Class, requests that this Court enjoin Kohl's from continuing to engage in the unlawful and deceptive methods, acts and practices alleged above. Unless Kohl's is permanently enjoined from

17

1  continuing to engage in such violations of the CLRA, future consumers will be damaged by its

2  acts and practices in the same way as have Plaintiff and the members of the proposed Class.

3  Plaintiff also requests that this Court case Kohl's to order a backward-reaching injunction in order

4  to remedy the past effects of the unfair conduct alleged herein.  No damages are sought in relation

5  to this Fifth Cause of Action.

6         79.    In compliance with the provisions of California Civil Code § 1782, Plaintiff has

7  given written notice, via certified mail, to all named Defendants of the intention to amend this

8  claim to seek damages under California Civil Code §§ 1750, *et seq.*, unless Defendants offer an

9  appropriate correction, replacement or refund plus interest and other appropriate relief to all Class

10  members entitled to relief under the CLRA within 30 days.

11         80.    If Defendants fail to offer an appropriate response within 30 days from the service of

12  Plaintiff's written notice and fail to adequately respond to Plaintiff's demand to correct or

13  otherwise rectify the wrongful conduct described herein on behalf of all Class members, Plaintiff

14  will amend this Complaint without leave of Court to seek, for all Class members entitled to relief

15  under the CLRA, all actual and exemplary damages permitted for violation of the CLRA.

16                              **PRAYER FOR RELIEF**

17         WHEREFORE, Plaintiff, on behalf of himself and on behalf of the other members of the

18  Class, requests that this Court award relief as follows:

19         A.    An order certifying that this action is properly brought and may be maintained as a

20  class action, that Plaintiff be appointed Class Representative and Plaintiff's counsel be appointed

21  Class Counsel;

22         B.    An Order that Kohl's be permanently enjoined from its improper activities and

23  practices described herein;

24         C.    An Order that Kohl's be subject to a backward-reaching injunction in order to

25  remedy the past effects of the improper activities and practices described herein;

26         D.    Pursuant to Plaintiff's first two causes of action, a judgment awarding Plaintiff and

27  all members of the Class restitution including, without limitation, disgorgement of all profits and

28  unjust enrichment obtained by Kohl's as a result of its unlawful, unfair and fraudulent business

18

1 | practices described herein;

2 |    E.    A judgment awarding Plaintiff his costs of suit, including reasonable attorneys'

3 | fees and pre and post-judgment interest; and

4 |    F.    Such other and further relief as may be deemed necessary or appropriate.

5 |              **DEMAND FOR JURY TRIAL**

6 |    Plaintiff hereby demands a trial by jury on all causes of action and/or issues so triable.

7 | DATED: August 4, 2010              EMGE & ASSOCIATES
8 |                                    DEREK J. EMGE
9 |
10 |                                   DEREK J. EMGE
11 |
12 |                                   525 B Street, Suite 760
                                       San Diego, CA 92101
13 |                                   Telephone:    (619) 595-1400
                                       Facsimile:    (619) 595-1480
14 |
15 |                                   STANLEY • IOLA, LLP
                                       MATTHEW J. ZEVIN
16 |                                   525 B Street, Suite 760
                                       San Diego, CA 92101
17 |                                   Telephone:    (619) 235-5306
                                       Facsimile:    (815) 377-8419
18 |
19 |                                   Attorneys for Plaintiff Antonio S. Hinojos

20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

                            19

1   STANLEY • IOLA, LLP
    MATTHEW J. ZEVIN, SBN: 170736
2   525 B Street, Suite 760
    San Diego, CA  92101
3   Telephone:    (619) 235-5306
4   Facsimile:    (815) 377-8419

5   EMGE & ASSOCIATES
    DEREK J. EMGE, SBN: 161105
6   525 B Street, Suite 760
    San Diego, CA  92101
7   Telephone:    (619) 595-1400
8   Facsimile:    (619) 595-1480

9   Attorneys for Plaintiff, Antonio S. Hinojos

10          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

11               IN THE COUNTY OF LOS ANGELES

12  ANTONIO S. HINOJOS, Individually and On     Case No.
    Behalf of All Others Similarly Situated,
13                                              BC443145
14                    Plaintiff,                CLASS ACTION COMPLAINT FOR:

15  v.                                          1.  **Unfair Business Practices in Violation of
                                                    California Business & Professions
16  KOHL'S CORP., a Wisconsin Corporation;          Sections 17200,** *et seq.*
    KOHL'S DEPARTMENT STORES, INC., a       2.  **Fraudulent Business Practices in
17  Delaware Corporation; and DOES 1 through        Violation of California Business &
    50, inclusive,                                  Professions Sections 17200,** *et seq.*
18                                              3.  **Unlawful Business Practices in Violation
19                    Defendants.                   of California Business & Professions
                                                    Sections 17200,** *et seq.*
20                                              4.  **False Advertising in Violation of
                                                    California Business & Professions
21                                                  Sections 17500,** *et seq.*
                                                5.  **Violations of California Consumer
22                                                  Legal Remedies Act -- Injunctive Relief**

23                                              **JURY TRIAL DEMANDED**

24

25

26

27

28

────────────────────────────────────────
                 CLASS ACTION COMPLAINT

CONFORMED COPY
OF ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 05 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
    RUCENA LOPEZ

# Exhibit A

# KOHL'S

Glendora
Glendora, CA 91740
(909) 592-6960

05-06-10 1:15P    0595/0006/3685/6 2078XXX
ID# 999-9493-8986-8499-9404-9363-1433

```
LUGGAGE        043202374715  *  149.99 T1
   ItemPrice 299.99   YouSave 150.00
CHAPS SPORTSWEA 011333276475  *   26.99 T1
   ItemPrice 39.50    YouSave 12.51
CHAPS SPORTSWEA 011333276475  *   26.99 T1
   ItemPrice 39.50    YouSave 12.51
CHAPS SPORTSWEA 011333276475  *   26.99 T1
   ItemPrice 39.50    YouSave 12.51
CHAPS SPORTSWEA 011333276833  *   26.99 T1
   ItemPrice 39.50    YouSave 12.51
MNS ATHLETIC SH 823706862440      59.99 T1
MNS ATHLETIC SH 823706862440      59.99 T1
*Item Deleted* 823706862440      -69.99 T1
CHAPS SPORTSWEA 011334992336  *   21.99 T1
   ItemPrice 36.00    YouSave 14.01
CHAPS SPORTSWEA 011334995146  *   21.99 T1
   ItemPrice 36.00    YouSave 14.01
MENS KNITS     3003800121774  *   13.20 T1
   ItemPrice 22.00    YouSave 8.80
MENS KNITS     3003060121774  *   13.20 T1
   ItemPrice 22.00    YouSave 8.80
MENS KNITS     3003290121773  *   13.20 T1
   ItemPrice 22.00    YouSave 8.80
MENS KNITS     400904160877  *   15.60 T1
   ItemPrice 26.00    YouSave 10.40
MENS KNITS     400904169931  *   15.60 T1
   ItemPrice 26.00    YouSave 10.40
CHAPS SPORTSWEA 011334992732  *   21.99 T1
   ItemPrice 36.00    YouSave 14.01
MENS KNITS     3003300121762  *   13.20 T1
   ItemPrice 22.00    YouSave 8.80

                     SUBTOTAL    467.91
T1< 467.91 @ 9.75%   TAX         45.62
```

## TOTAL  $513.53

KOHLS CHG      XXXXXXXX2800   513.53
APPROVED         072538



TOTAL SAVED:  $298.07

THANK YOU FOR SHOPPING AT KOHL'S

With your support, Kohl's has donated more
than $6.2 million since 2003 to children's
health and education initiatives in
California communities. Through our Kohl's
Cares for Kids programs, we've raised
over $140 million nationwide since 2000.

# EXHIBIT B

1  James F. Speyer (Bar No. 133114)
   james.speyer@aporter.com
2  Gabriel J. Padilla (Bar No. 227591)
   gabriel.padilla@aporter.com
3  ARNOLD & PORTER LLP
   777 Figueroa Street, 44th Floor
4  Los Angeles, California 90017
   Telephone: (213) 243-4000
5  Facsimile: (213) 243-4199

6  Angel A. Garganta (Bar No. 163957)
   angel.garganta@aporter.com
7  ARNOLD & PORTER LLP
   One Embarcadero Center, 22nd Floor
8  San Francisco, California 94111
   Telephone: (415) 356-3000
9  Facsimile: (415) 356-3099

10 Attorneys for Defendants
   Kohl's Corporation and Kohl's Department Stores, Inc.

11

12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15

16 ANTONIO S. HINOJOS, Individually )   CASE NO.
   and On Behalf of All Others Similarly )
17 Situated,                          )   **DECLARATION OF DEBBIE**
                                       )   **GRANGER IN SUPPORT OF**
18        Plaintiff,                   )   **DEFENDANTS' NOTICE OF**
                                       )   **REMOVAL OF ACTION UNDER**
19        v.                          )   **28 U.S.C. § 1441 (DIVERSITY OF**
                                       )   **CITIZENSHIP)**
20 KOHL'S CORP., a Wisconsin          )
   corporation; KOHL'S DEPARTMENT )
21 STORES, INC., a Delaware           )
   corporation, and DOES 1 through 50, )
22 inclusive,                         )
                                       )
23        Defendants.                 )

24

25

26

27

28
30688573v1

## DECLARATION OF DEBBIE GRANGER

I, Debbie Granger, declare as follows:

1.     I am Senior Vice President-Finance for defendant Kohl's Department Stores, Inc. ("Kohl's"). I have been employed with Kohl's for 18 years. I make this declaration in support of Defendants' Notice of Removal of Action Under 28 U.S.C. § 1441. I have personal knowledge of the facts set forth herein, and if called as a witness I could and would testify competently to those facts.

2.     I am one of Kohl's employees responsible for providing financial services in connection with Kohl's product sales.

3.     I have reviewed data for men's, women's and children's apparel and luggage sold at "sale" prices at Kohl's stores in California between August 5, 2006 and August 5, 2010.

4.     From this review, I have determined that the total revenue from the sale of such products at "sale" prices at Kohl's stores in California during the above-mentioned time period exceeded $5 million.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This declaration was executed on this 17th day of September 2010, at Menomonee Falls, Wisconsin.

_Debbie Granger_
Debbie Granger

- 1 -

DECLARATION OF DEBBIE GRANGER IN SUPPORT OF DEFENDANTS'
NOTICE OF REMOVAL OF ACTION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Alicia G.  Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV10- 7590 MMM (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| ANTONIO S. HINOJOS, individually and on behalf of all others similarly situated | KOHL'S CORP., a Wisconsin corporation; KOHL'S DEPARTMENT STORES, INC., a Delaware corporation, and DOES 1 through 50, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| | James F. Speyer, Esq. / Gabriel J. Padilla, Esq. ARNOLD & PORTER LLP 777 South Figueroa St., 44th Floor Los Angeles, CA 90017-5844 Tel: (213) 243-4000 / Fax: (213) 243-4199 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No     ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Diversity 28 U.S.C. Sections 1332(d) & 1441(b); claims under consumer protection statutes (false advertising).

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

FOR OFFICE USE ONLY:    Case Number:                    CV10  7590

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

American LegalNet, Inc. www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Wisconsin |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date 10/12/10

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CIVIL COVER SHEET

American LegalNet, Inc.
www.FormsWorkflow.com