UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-07590 ODW (AGRx) | Date | November 18, 2010 |
|---|---|---|---|
| Title | *Antonio Hinojos, et al. v. Kohl's Corp., et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge | |
|---|---|---|
| Raymond Neal | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):   Order to Show Cause re: Subject Matter Jurisdiction**

On October 12, 2010, Defendants, Kohl's Corporation and Kohl's Department Stores, Inc., filed a Notice of Removal with this Court, alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C § 1332.  Section 1332(d)(2) vests the district courts with original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which - (A) any member of a class of plaintiffs is a citizen of a State different from any defendant[.]"  28 U.S.C. § 1332(d)(2).

The burden of establishing removal jurisdiction is on the proponent of federal jurisdiction.  *See, e.g.*, *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).  When alleging jurisdiction, "'magical incantation[s],' neither overcome the 'strong presumption' against removal jurisdiction, nor satisf[y][the] burden of setting forth, in the removal petition itself, the underlying facts supporting [an] assertion that the amount in controversy exceeds [$5,000,000]".  *Id.* at 689 (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)).

As to the amount in controversy, Defendants allege that "[t]he collective amount of the total sales of men's, women's and children's apparel and luggage offered at 'sale' prices at Kohl's stores in California from August 5, 2006 - August 5, 2010 exceeds $5 million."  (Mot. 2.)  Defendants attach the Declaration of Debbie Granger in support of this proposition, which states in pertinent part, "I have reviewed data for men's, women's and children's apparel and luggage offered at 'sale' prices at Kohl's stores in California from August 5, 2006 - August 5, 2010 . . . [and] have determined that the total revenue from the sale of such products . . . exceeds $5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-07590 ODW (AGRx) | Date | November 18, 2010 |
|---|---|---|---|
| Title | *Antonio Hinojos, et al. v. Kohl's Corp., et al.* | | |

million." (Granger Decl. ¶¶ 3-4.)

While the total revenue from the sale of men's, women's and children's apparel and luggage offered at 'sale' prices at Kohl's stores in California from August 5, 2006 - August 5, 2010 might exceed $5,000,000, it is the opinion of this Court that Plaintiff does not seek an amount equivalent to the *total* revenue from such products. Further, Defendants assertions as to the amount in controversy are conclusory.

Accordingly, the Court orders Defendants to show cause why this action should not be remanded to state court for failure to make a sufficient showing that the amount in controversy exceeds $5,000,000, exclusive of interests and costs. Defendants must file a response in writing within ten (10) days of this Order. Plaintiff may submit a response in the same time period. The Clerk shall serve this minute order on all parties to the action.

**IT IS SO ORDERED.**

|  | ---- | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | RGN | |