O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV10-07590  ODW (AGRx) | Date | December 1, 2010 |
|---|---|---|---|
| Title | *Antonio Hinjos, et al. v. Kohl's Corp., et al.* | | |

Present: The Honorable Otis D. Wright II, United States District Judge

| Raymond Neal | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):**    **Order DISCHARGING Court's Order to Show Cause; GRANTING Defendants' Motion to Dismiss Claims One Through Four of Plaintiff's Class Action Complaint [8] (Filed 10/19/10)**

I.   INTRODUCTION

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Class Action Complaint. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. Having considered the papers filed in support of and in opposition to the instant Motion, Defendants' Motion to Dismiss is **GRANTED**.

II.   FACTUAL BACKGROUND

On August 5, 2010, Plaintiff Antonio Hinojos ("Plaintiff") filed a class action complaint in Los Angeles Superior Court against Defendants Kohl's Department Stores, Inc. and Kohl's Corporation (collectively, "Defendants")[1]. Plaintiff asserts five causes of action, alleging that Defendants engage in false advertising practices in violation of several provisions of California law.[2]

---

[1] Defendant Kohl's Department Stores, Inc. is a wholly-owned subsidiary of Defendant Kohl's Corporation. (Compl. ¶ 20.) Defendants "operate family-oriented department stores that sell moderately-priced apparel, footwear and accessories for women, men and children; soft home products such as sheets and pillows; and housewares" in California and elsewhere in the United States. (Compl. ¶ 19.)

[2] Plaintiff's first three causes of action are based on California Business and Profession Code section 17200 (Unfair Competition Law), the fourth cause of action is based on California Business and Profession Code section 17500 (False Advertising Law), and the fifth cause of action is based on  California Civil Code section

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV10-07590  ODW (AGRx) | Date | December 1, 2010 |
|---|---|---|---|
| Title | *Antonio Hinjos, et al. v. Kohl's Corp., et al.* | | |

(Compl. ¶ 1.)  On October 12, 2010, Defendants removed this action to federal court, and now move to dismiss four of the five causes of action.[3]

The pertinent facts are as follows.  On May 6, 2010, Plaintiff purchased several retail items, including apparel and luggage, from Defendant Kohl's Department Stores, Inc. (Compl. ¶ 18.) Plaintiff alleges that, through their in-store display advertising, internet advertising, and print advertising, Defendants "misrepresented the nature and amount of [the] product discounts" he received in conjunction with his purchases. (Compl. ¶¶ 2, 6.) Specifically, Plaintiff alleges that Defendants offered product discounts on former "regular" or "original" retail prices, which Plaintiff contends were never the prevailing market retail prices. (Compl. ¶¶ 2, 30-35.) In essence, Plaintiff claims he "never received the actual value in price discounts" that he was promised. (Compl. ¶ 36.) Plaintiff further avers that Defendants' alleged misrepresentations with regard to the product discounts induced Plaintiff to purchase merchandise from Defendants and caused Plaintiff to refrain from purchasing similar products from Defendants' competitors.  (Compl. ¶ 7.)

Defendants' Motion to Dismiss advances two arguments.  First, Defendants claim that Plaintiff lacks standing to assert a claim under California's Unfair Competition Law and California's False Advertising Law.  Second, Defendants contend that Plaintiff is not entitled to restitution and disgorgement under these two statutes.  The Court will address each argument in turn.

III.   DISCUSSION

   A.   *Legal Standard*

"To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.*  Rather, to overcome a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)

---

1750 (Consumers Legal Remedies Act).  (*See generally* Compl.)

   [3]  Defendants' Motion to Dismiss did not include a challenge to Plaintiff's claim under the Consumer Legal Remedies Act.  (*See* Mot.)  Thus, this claim still survives.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV10-07590  ODW (AGRx) | Date | December 1, 2010 |
|---|---|---|---|
| Title | *Antonio Hinjos, et al. v. Kohl's Corp., et al.* | | |

(internal quotation marks omitted).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief."  *Id.* (internal citation and quotation marks omitted).

When considering a 12(b)(6) motion, a court is generally limited to considering material within the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff].'"  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citing *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) and *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)).  A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

B.    *Standing Under California's Unfair Competition Law and False Advertising Law*

Defendants allege that Plaintiff's allegations set forth in the Complaint do not establish standing under either California's Unfair Competition Law ("UCL") or the False Advertising Law ("FAL").[4]  (Mot. at 3.)  For the reasons set forth below, the Court agrees.

Pursuant to amendments to the UCL and FAL in 2004 by virtue of Proposition 64, a private plaintiff only has standing to assert a UCL or FAL claim on behalf of himself or in a representative capacity if he has both (1) "suffered injury in fact," and (2) "lost money or property as a result of the unfair competition."  Cal. Bus. & Prof. Code §§ 17204, 17535.  Because Defendants are not challenging that Plaintiff has suffered injury in fact, but rather contend that Plaintiff fails to allege facts to satisfy the second standing prong – that Plaintiff "lost money or property" as a result of Defendants' alleged actions – the Court will focus its discussion on the second standing requirement.  (Reply at 2 ("Kohl's is not arguing that [P]laintiff lacks standing because he has not suffered injury in fact").)

In *Peterson v. Cellco Partnership*, the California Court of Appeal defined a loss, for purposes of section 17204, as "[a]n undesirable outcome of a risk; the disappearance or diminution of value,

---

[4] The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.  The FAL prohibits advertising property or services with untrue or misleading statements or with the intent not to sell at the advertised price. Cal. Bus. & Prof. Code § 17500.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV10-07590  ODW (AGRx) | Date | December 1, 2010 |
|---|---|---|---|
| Title | *Antonio Hinjos, et al. v. Kohl's Corp., et al.* | | |

usu[ally] in an unexpected or relatively unpredictable way."[5]  164 Cal. App. 4th 1583, 1592 (Cal. Ct. App. 2008) (quoting *Hall v. Time, Inc.*, 158 Cal. App. 4th 847, 853 (Cal. Ct. App. 2008)).  Both the Ninth Circuit and District Courts in California have interpreted loss of money or property to exclude situations in which a person receives the benefit of the bargain.  *Johnson v. Mitsubishi Digital Elecs. Am. Inc.*, 2010 WL 547777 (9th Cir. 2010) (citing *Hall*, 158 Cal. App. 4th 847) ("If one gets the benefit of the bargain, he has no standing under the UCL."); *Koh v. S.C. Johnson & Son, Inc.*, No. C-09-00927, 2010 WL 94265, at *2 (N.D. Cal. Jan. 6, 2010) (citing *Hall*, 158 Cal. App. 4th 847) ("being induced to purchase a product one would not otherwise have purchased is not loss of money or property within the meaning of the statute as long as one still received the benefit of the bargain.").

The gravamen of Plaintiff's complaint is that, due to Defendant's comparative marketing, he purchased merchandise, yet never received the full value of *price discounts* associated with such merchandise.  (*See generally* Compl.)  Plaintiff did, however, receive the merchandise itself.  (Compl. ¶¶ 30-35.)  The facts in the instant case are similar to cases in which courts have found that the plaintiffs did not lose money or property for purposes of the UCL or FAL because they received the benefit of the bargain.  *See Germain v. J.C. Penney, Co.*, No. CV 09-2847, 2009 WL 1971336, at *6 (C.D. Cal. July 6, 2010) (finding that even though the plaintiffs did not receive the advertised free airline tickets allegedly promised to them in conjunction with their purchase of Dockers merchandise, they retained and used the merchandise itself and consequently did not lose money or property); *Hall v. Time, Inc.*, 158 Cal. App. 4th 847 (finding that although the plaintiff received an invoice during his free trial period and expended money on his purchase, "he received a book in exchange . . . [and] did not allege he did not want the book, the book was unsatisfactory, or the book was worth less than he paid for it.").

Plaintiff attempts to compare his case to several other cases in which courts have found that persons lost money or property.  Plaintiff's attempt, however, is misguided because the cases to which Plaintiff cites involve "an unexpected or unpredictable outcome" and concern the actual composition or origin of the products at issue, rather than a value associated with the purchase of the products.  *See Chavez v. Blue Sky Nat'l Bevearge Co.*, No. 07-16154, 2009 WL 1956225 (9th Cir. June 23, 2009) (finding that Chavez "lost the purchase price" of the soda because "he did not know the geographic origin of the products" and consequently "lost money . . . in that he did not receive what he had paid for."); *Hansen Beverage Company v. Innovation Ventures, LLC*, No. 08-

---

[5] In *Peterson*, the plaintiffs contended that a person loses money when it is "no longer in their possession."  The court, however, rejected this definition, stating that it "encompasses every purchase or transaction where a person pays with money" and implying that neither the statues nor Proposition 64 contemplated such a result.  *Peterson*, 164 Cal. App. 4th at 1592.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV10-07590  ODW (AGRx) | Date | December 1, 2010 |
|---|---|---|---|
| Title | *Antonio Hinjos, et al. v. Kohl's Corp., et al.* | | |

CV-1166, 2009 WL 6597891 at *15 (S.D. Cal. Dec. 23, 2009) (alleging factual misrepresentations about the composition and effects of the products, specifically that  the products were a means to become intoxicated, that the advertised calorie and sugar content was incorrect, that the energizing effect was misstated, and that the product was incorrectly marketed as a dietary supplement); *V.P. Racing Fuels, Inc. v. Gen. Petroleum Corp.*, No. 2:09-cv-02067, 2010 WL 1611398 (E.D. Cal. Apr. 20, 2010) (alleging that the defendant advertised fuel as 100 Octane when evidence revealed that none of the defendant's products met this standard); *Chacanaca v. Quaker Oats Co.*, 2010 WL 4055954 (N.D. Cal. 2010) (alleging that Quaker's Chewy bars, advertised as "wholesome" and part of a healthy lifestyle, actually contained very high levels of the allegedly toxic substance known as partially hydrogenated vegetable oil); *Koh v. S.C. Johnson & Son*, No. C 10-0502, 2010 WL 94265 (N.D. Cal. Oct. 14, 2010) (alleging that Windex, which was marketed as an environmentally-friendly product and sold at a premium cost due to this classification, was not in fact environmentally-friendly).

The abovementioned cases, in which the courts found a viable claim of lost money or property, all concern alleged factual misrepresentations about the composition, effects, origin, and substance of the advertised products.  None involve a price discount or other such value associated with the purchase of a product.  Indeed, Plaintiff does not cite to authority nor can this Court find authority supporting the proposition that the value of a *price discount* constitutes a loss of money or property.  Rather, such a price discount seems analogous to the airline ticket in *Germain* or the promise of a free trial period in *Hall*, neither of which concern the substance of the actual product, but rather an added value associated with the purchase of the product.  In these cases, the courts found that, despite not receiving exactly what he or she expected, the plaintiff nevertheless received the benefit of the bargain and consequently lacked standing to pursue a UCL or FAL claim.

In light of the foregoing, the Court finds that Plaintiff has received the benefit of the bargain with regard to his purchases. He has not alleged the merchandise itself was unsatisfactory.  He has not alleged that the merchandise was worth less than he paid for it.   Instead, Plaintiff has retained the merchandise he purchased.  Thus, the Court concludes that Plaintiff has not lost money or property and consequently does not have standing to bring either a UCL claim or a FAL claim.

Accordingly, Defendants' Motion to Dismiss is GRANTED with respect to the UCL and FAL claims.

C.    *Claims for Restitution and Disgorgement*

Defendants move to dismiss Plaintiff's claims for restitution and disgorgement under the UCL and the FAL.  Because the Court finds that Plaintiff lacks standing under both the UCL and

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV10-07590  ODW (AGRx) | Date | December 1, 2010 |
|---|---|---|---|
| Title | *Antonio Hinjos, et al. v. Kohl's Corp., et al.* | | |

the FAL, it need not reach the issue of whether Plaintiff is entitled to restitution and disgorgement under these statutes.

IV.     CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED**.  As noted above, because Defendants failed to challenge Plaintiff's claim under the Consumer Legal Remedies Act, this claim survives. The Court's Order to Show Cause [15] is DISCHARGED.

**IT IS SO ORDERED.**

|  | ---- | : | 00 |
|---|---|---|---|
| | Initials of Preparer | TMD | |