08/31/2010          213-623-7527-Ace Attorney Service by Fax

ORIGINAL

1   STANLEY • IOLA, LLP
    MATTHEW J. ZEVIN, SBN: 170736
2   525 B Street, Suite 760
3   San Diego, CA 92101
    Telephone:    (619) 235-5306
4   Facsimile:    (815) 377-8419

5   EMGE & ASSOCIATES
    DEREK J. EMGE, SBN: 161105
6   525 B Street, Suite 760
7   San Diego, CA 92101
    Telephone:    (619) 595-1400
8   Facsimile:    (619) 595-1480

FILED
CLERK, U.S. DISTRICT COURT

OCT 1 2 2010

CENTRAL DISTRICT OF CALIFORNIA
BY            PF        DEPUTY

9   Attorneys for Plaintiff, Antonio S. Hinojos

10          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                 IN THE COUNTY OF LOS ANGELES

12  ANTONIO S. HINOJOS, Individually and On      Case No. BC443145
13  Behalf of All Others Similarly Situated,
                                                 CLASS ACTION CV 10-07590-ODW (AGRx)
14                   Plaintiff,
                                                 [Original Complaint filed August 5, 2010]
15  v.
                                                 [Assigned to the Honorable Emile H. Elias
16  KOHL'S CORP., a Wisconsin Corporation;       (Dept. 324) for all purposes]
17  KOHL'S DEPARTMENT STORES, INC., a
    Delaware Corporation; and DOES 1 through     FIRST AMENDED COMPLAINT FOR:
18  50, inclusive,
                                                 1.  Unfair Business Practices in Violation of
19                   Defendants.                     California Business & Professions
                                                     Sections 17200, et seq.
20                                               2.  Fraudulent Business Practices in
                                                     Violation of California Business &
21                                                   Professions Sections 17200, et seq.
22                                               3.  Unlawful Business Practices in Violation
                                                     of California Business & Professions
23                                                   Sections 17200, et seq.
                                                 4.  False Advertising in Violation of
24                                                   California Business & Professions
                                                     Sections 17500, et seq.
25                                               5.  Violations of California Consumer
                                                     Legal Remedies Act
26
27                                               JURY TRIAL DEMANDED
28

                        FIRST AMENDED COMPLAINT

1    Plaintiff, Antonio S. Hinojos, ("Plaintiff") by and through his attorneys, brings this class

2    action against Defendants Kohl's Corporation and Kohl's Department Stores, Inc. (collectively

3    "Kohl's" or "Defendants"), on his own behalf and on behalf of all others similarly situated, and

4    alleges as follows based upon personal knowledge and the investigation of his counsel:

5                                    **NATURE OF THE ACTION**

6         1.      This is a class action against Kohl's for falsely advertising price discounts for its

7    apparel and luggage.  In its direct marketing to consumers via in-store advertising displays, print

8    advertising and via its Internet Web site (www.kohls.com), Kohl's advertises false former prices

9    and false price discounts for its apparel and luggage.

10        2.      During at least the past four years, Kohl's has misrepresented the nature and

11   amount of price discounts by purporting to offer specific dollar discounts from expressly

12   referenced former retail prices, which are misrepresented as *regular* or *original* retail prices.

13   These purported discounts are false, however, because the referenced former retail prices are

14   fabricated and inflated and do not represent Kohl's true "regular" or "original" retail prices for its

15   apparel and luggage lines.  Furthermore, the advertised "regular" or "original" prices for Kohl's

16   apparel and luggage lines are not the prevailing market retail prices within three months next

17   immediately preceding the publication and dissemination of the advertised former prices, as

18   required by California law.

19        3.      The Federal Trade Commission (FTC) describes false former pricing schemes,

20   similar to Kohl's in all material respects, as deceptive:

21        One of the most commonly used forms of bargain advertising is to offer a
          reduction from the advertiser's own former price for an article. If the former price
22        is the actual, bona fide price at which the article was offered to the public on a
          regular basis for a reasonably substantial period of time, it provides a legitimate
23        basis for the advertising of a price comparison. Where the former price is genuine,
          the bargain being advertised is a true one.  If, on the other hand, the former price
24        being advertised is not bona fide but fictitious – for example, where an artificial
          price, inflated price was established for the purpose of enabling the subsequent
25        offer of a large reduction – the "bargain" being advertised is a false one; the
          purchaser is not receiving the unusual value he expects.
26

27   16 C.F.R. § 233.1(a).

28

                                              1
                              FIRST AMENDED COMPLAINT

4.      California statutory and regulatory law also expressly prohibits false former pricing schemes.  Cal. Bus. & Prof. Code § 17501, entitled "*Value determinations; Former price advertisements*," states:

> For the purpose of this article the worth or value of any thing advertised is the prevailing market price, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published.
>
> *No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement* or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement. [Emphasis added.]

5.      Upon information and belief, Kohl's false price advertising scheme, disseminated to California consumers via in-store display advertising, internet advertising and print advertising, has been rampant throughout California as part of a massive, years-long, pervasive campaign and has been consistent across all of Kohl's men's, women's and children's apparel lines, and luggage lines.  For example, Kohl's in-store pricing scheme is prominently displayed directly above the apparel and luggage products, with express references to former "*regular*" or "*original*" retail prices that have never existed and/or do not currently constitute the prevailing market retail prices for such apparel and luggage products.  Furthermore, upon check-out, California consumers, including Plaintiff, have received sales receipts continuing the misrepresentations regarding false former prices and price reductions.  For example, the false former price is listed on the left-hand margin of the sales receipt as the "*Item Price*" with the purported sale price listed on the right-hand margin of the sales receipt.  In the middle of the sales receipt, between the false former price and purported sale price, Kohl's continues its campaign to mislead consumers about the amount purportedly saved ("*You Save*") on each product.  Below the total amount purchased at the bottom of the sales receipt, Kohl's misrepresents to consumers the total amount purportedly saved ("*You Save*") on the entire purchase transaction.[1]

---

[1] *See* true and correct copy of Plaintiff's sales receipt, dated May 6, 2010, attached hereto as Exhibit A.

2

6.     Upon information and belief, hundreds of thousands of California consumers have been victims of Kohl's deceptive, misleading and unlawful pricing scheme. Kohl's false advertising focuses reasonable purchasers' attention on fictitious price discounts. As a result, purchasers, including Plaintiff, have reasonably perceived that they are receiving valuable price reductions on their purchases of women's, men's and children's apparel and luggage. This perception has induced reasonable purchasers, including Plaintiff, to buy such products from Kohl's and to refrain from shopping for the same or similar products from competitors of Kohl's.

7.     Kohl's knows or should reasonably know that its comparative price advertising is false, deceptive, misleading and unlawful.

8.     Kohl's has fraudulently concealed from and intentionally failed to disclose to Plaintiff and others similarly situated the truth about its advertised price discounts and former prices.

9.     At all relevant times, Kohl's has been under a duty to Plaintiff and others similarly situated to disclose the truth about its "former" and "original" prices.

10.     The facts which Kohl's misrepresented or failed to disclose are material facts that a reasonable person would have considered material, i.e., facts which would contribute to a reasonable person's decision to purchase apparel and luggage. Kohl's false representations of discounts from former "regular" or "original" prices and false representations of purported savings, discounts and bargains are objectively material to the reasonable consumer, and therefore reliance upon such representations may be presumed as a matter of law.

11.     Plaintiff relied upon such false representations of discounts from former "regular" or "original" prices and false representations of purported savings, discounts and bargains when purchasing apparel and luggage at Kohl's.

12.     Plaintiff and others similarly situated reasonably and justifiably acted and relied to their detriment on Kohl's failure to disclose, and concealment of, the truth about Kohl's false former price advertising scheme in purchasing apparel and luggage at Kohl's.

13.     Kohl's intentionally concealed and failed to disclose the truth about its misrepresentations and false former price advertising scheme for the purpose of inducing Plaintiff

3

1 | and others similarly situated to purchase women's, men's and children's apparel and luggage at
2 | Kohl's.

3 |     14.    Through its false and deceptive marketing, advertising and pricing scheme, Kohl's
4 | has violated California law prohibiting advertising goods for sale as discounted from former prices
5 | which are false, and prohibiting misleading statements about the existence and amount of price
6 | reductions. Specifically, Kohl's has violated, and continues to violate, California's Business &
7 | Professions Code §§ 17200, *et seq.* (the "UCL"), California's Business & Professions Code
8 | §§ 17500, *et seq.* (the "FAL"), as well as the California Consumers' Legal Remedies Act,
9 | California Civil Code §§ 1750, *et seq.* (the "CLRA").

10 |     15.    The claims and issues asserted herein are governed by California state law. The
11 | State of California has the greatest interest in policing corporate conduct occurring within the State
12 | that affects the rights and interests of its citizens.

13 |     16.    Plaintiff, individually and on behalf of all others similarly situated, seeks
14 | restitution and injunctive relief to stop Kohl's rampant false advertising.

15 | **PARTIES**

16 |     17.    Plaintiff Antonio S. Hinojos is a resident of West Covina, California in Los
17 | Angeles County who, in reliance on Defendants' false and deceptive advertising, marketing and
18 | pricing schemes, used his Kohl's credit card to purchase over $500.00 in apparel and luggage
19 | products at Kohl's Glendora, California location on May 6, 2010, and was damaged thereby.

20 |     18.    Defendant Kohl's Corporation is a publicly traded Wisconsin Corporation (NYSE:
21 | KSS) with its principal executive offices in Menomonee Falls, Wisconsin. According to its most
22 | recent Form 10-K for the fiscal year ending January 30, 2010, Kohl's Corp. "operate[s] family-
23 | oriented department stores that sell moderately priced apparel, footwear and accessories for
24 | women, men and children; soft home products such as sheets and pillows; and housewares." As
25 | stated in its most recent Form 10-K, in 2009 Kohl's Corp.'s annual advertising costs, net of related
26 | vendor allowances, were $846 million.

27 |     19.    Defendant Kohl's Department Stores, Inc. is a Delaware Corporation registered to
28 | do business in the State of California, with its principal executive offices in Menomonee Falls,

1   Wisconsin. Kohl's Department Stores, Inc. is a wholly owned subsidiary of Kohl's Corporation
2   and operates 121 retail Kohl's stores in the State of California.

3       20.     Plaintiff does not know the true names and capacities of defendants sued herein as
4   DOES 1 through 50, inclusive, and will amend this First Amended Complaint to set forth the true
5   names and capacities of said defendants, along with the appropriate charging allegations when the
6   same have been ascertained.

7       21.     Plaintiff is informed and believes, and on that basis alleges, that each of the
8   fictitiously named defendants was in some manner legally responsible for the actionable and
9   unlawful actions, policies and practices as alleged herein. Plaintiff will amend this First Amended
10  Complaint to set forth the true names and capacities of said defendants, along with the appropriate
11  charging allegations when the same have been ascertained.

12      22.     Plaintiff is informed and believes, and thereon alleges, that at all times mentioned
13  herein, all defendants, and each of them, were acting as the agent and/or employee of each
14  remaining co-defendant, and were acting with permission and consent of each other, and within
15  the course and scope of said agency and/or employment. Plaintiff is further informed and believes
16  that each co-defendant, by and through its officers, directors or managing agents ratified,
17  authorized and approved, expressly or implicitly, all of the conduct alleged herein.

18      23.     When in this First Amended Complaint reference is made to any act of the
19  "Kohl's" or "Defendants," such shall be deemed to mean that officers, directors, agents,
20  employees, or representatives of the Defendants named in this lawsuit committed or authorized
21  such acts, or failed and omitted to adequately supervise or properly control or direct their
22  employees while engaged in the management, direction, operation or control of the affairs of the
23  Defendants and did so while acting within the scope of their employment or agency.

24      24.     When in this First Amended Complaint reference is made to any act by "Kohl's"
25  or "Defendants," such allegations and reference shall also be deemed to mean the acts and failures
26  to act of each of the named Defendants acting individually, jointly and severally.

27

28

FIRST AMENDED COMPLAINT

**JURISDICTION AND VENUE**

25.     Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

26.     This Court has jurisdiction over all causes of action asserted herein pursuant to California Constitution, Article VI, Sec. 10, because this case is a cause not given by statute to other trial courts.

27.     This Court has jurisdiction over Defendants because each co-defendant is a corporation or other business entity authorized to do business in the State of California and registered with the California Secretary of State to do sufficient business with sufficient minimum contacts in California, and/or otherwise intentionally avail itself of the California market through the ownership and operation of more than a hundred retail stores within the State of California, to render the exercise of jurisdiction by the California courts consistent with traditional notions of fair play and substantial justice.

28.     Venue as to each Defendant is proper in this judicial district, pursuant to Code of Civil Procedure § 395.  Defendants' actionable and unlawful conduct as to Plaintiff and numerous other consumers occurred in the County of Los Angeles, State of California.

**FACTUAL ALLEGATIONS**

29.     On May 6, 2010, Plaintiff used his Kohl's credit card to purchase numerous apparel and luggage items at a Kohl's retail store in Los Angeles County located at 1225 S. Lone Hill Ave., Glendora, California 91740.  Plaintiff purchased such apparel and luggage items after viewing and relying on KOHL'S advertising that included false discounts and false "Regular" and "Original" former prices for such products. Relying upon Kohl's misrepresentations and false and deceptive advertising, Plaintiff purchased a *Samsonite Drive Dual-Wheel Spinner Collection* 21" Carry-on Upright luggage item that Kohl's falsely represented as being "50% off" with a "Sale" price of $149.99 and having a former "Regular" price of $299.99.  Upon information and belief, these purported price reductions and savings were false and deceptive, as the prevailing retail price for the *Samsonite* luggage item during the three months immediately prior to Plaintiff's purchase of such item was materially lower than $299.99.  Plaintiff would not have purchased that product

6

1   at Kohl's in the absence of Kohl's misrepresentations. As a result, Plaintiff has been victimized by

2   Defendants' unlawful, unfair and fraudulent conduct.

3          30.    Furthermore, upon check-out on May 6, 2010 at the Kohl's Glendora, California

4   location, Kohl's provided Plaintiff with a sales receipt containing the same misrepresentations

5   regarding false former prices and price reductions on the *Samsonite* luggage item. The false

6   former price of $299.99 was listed on the left-hand margin of the sales receipt as the "*Item Price*"

7   with the purported sale price of $149.99 listed on the right-hand margin of the sales receipt. In the

8   middle of the sales receipt, between the false former price and purported sale price, Kohl's

9   continued its misrepresentations to Plaintiff with a false and deceptive amount of $150.00 in

10  savings ("*You Save*") on the *Samsonite* luggage item.[2]

11         31.    Similar acts of false advertising were committed by Kohl's with respect to

12  Plaintiff's purchase of several items of apparel. For instance, on May 6, 2010 at the Kohl's

13  Glendora, California location, relying upon Kohl's misrepresentations and false and deceptive

14  advertising, Plaintiff also purchased *Chaps Solid Pique Polo* shirts that Kohl's falsely represented

15  to Plaintiff as having a "Sale" price of $21.99 and a former "Original" price of $36.00. These

16  purported price reductions and savings were also false and deceptive, as the prevailing retail price

17  for the *Chaps Solid Pique Polo* shirts during the three months prior to Plaintiff's purchase of such

18  items was materially lower than $36.00. Plaintiff would not have purchased that product at Kohl's

19  in the absence of Kohl's misrepresentations. As a result, Plaintiff has been victimized by

20  Defendants' unlawful, unfair and fraudulent conduct.

21         32.    On May 6, 2010, relying upon Kohl's misrepresentations and false and deceptive

22  advertising, Plaintiff also purchased *Chaps Sportswear Flat Front* shorts that Kohl's falsely

23  represented to Plaintiff as having a "Sale" price of $26.99 and a former "Original" price of $39.50.

24  The purported price reduction and savings were also false and deceptive, as the prevailing retail

25  price for the *Chaps Sportswear Flat Front* shorts during the three months prior to Plaintiff's

26  purchase of such items was materially lower than $39.50. Plaintiff would not have purchased that

27

28  _____
    [2] *See* Exhibit A to this First Amended Complaint.

1   product at Kohl's in the absence of Kohl's misrepresentations.   As a result, Plaintiff has been

2   victimized by Defendants' unlawful, unfair and fraudulent conduct.

3        33.    On May 6, 2010, relying upon Kohl's misrepresentations and false and deceptive

4   advertising, Plaintiff also purchased *Chaps Jersey Pocket Tee* shirts that Kohl's falsely represented

5   to Plaintiff as having a "Sale" price of $15.60 and a former "Original" price of $26.00.   The

6   purported price reduction and savings were also false and deceptive, as the prevailing retail price

7   for the *Chaps Jersey Pocket Tee* shirts during the three months prior to Plaintiff's purchase of such

8   items was materially lower than $26.00.   Plaintiff would not have purchased that product at Kohl's

9   in the absence of Kohl's misrepresentations.   As a result, Plaintiff has been victimized by

10  Defendants' unlawful, unfair and fraudulent conduct.

11       34.    On May 6, 2010, relying upon Kohl's misrepresentations and false and deceptive

12  advertising, Plaintiff also purchased *Sonoma Life & Style Henley Tops* shirts that Kohl's falsely

13  represented to Plaintiff as having a "Sale" price of $13.20 and a former "Original" price of $22.00.

14  The purported price reduction and savings were also false and deceptive, as the prevailing retail

15  price for the *Sonoma Life & Style Henley Tops* shirts during the three months prior to Plaintiff's

16  purchase of such items was materially lower than $22.00.   Plaintiff would not have purchased that

17  product at Kohl's in the absence of Kohl's misrepresentations.   As a result, Plaintiff has been

18  victimized by Defendants' unlawful, unfair and fraudulent conduct.

19       35.    Upon check-out on May 6, 2010, Kohl's continued its deception by including on

20  the sales receipt, the false representation to Plaintiff that he received $298.07 in savings ("*You*

21  *Save*") on his entire May 6, 2010 Kohl's credit card purchase transaction.[3]   These savings never

22  existed, as they were unlawfully, unfairly and fraudulently based upon Kohl's false former price

23  advertising schemes.   Plaintiff therefore never received the actual value of the $298.07 in price

24  discounts Kohl's promised him. As a result, Plaintiff has been damaged by Defendants' unlawful,

25  unfair and fraudulent conduct.

26

27

28

---

[3] *See* Exhibit A to this First Amended Complaint.

FIRST AMENDED COMPLAINT

## CLASS ALLEGATIONS

36.     Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

37.     Plaintiff brings this action on his own behalf and on behalf of all other persons similarly situated. The class Plaintiff seeks to represent is defined as:

> All Persons who purchased apparel or luggage , which were advertised with former retail prices ("original," "regular," "___% off," etc.), from a Kohl's store in the State of California between August 5, 2006 and the present.

Excluded from the Class are Defendants, as well as their officers, employees, agents or affiliates, and any judge who presides over this action, as well as all past and present employees, officers and directors of Kohl's.  Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with his motion for class certification, or at any other time, based upon, inter alia, changing circumstances and/or new facts obtained during discovery.

38.     **Numerosity**: Upon information and belief, the Class is composed of hundreds of thousands of California individuals, whose joinder of this action would be impracticable.  The disposition of their claims through this class action will benefit Class members, the parties, and the courts.

39.     **Existence and Predominance of Common Questions of Fact and Law**: There is a well-defined community of interest in questions of law and fact affecting the Class.  These questions of law and fact predominate over individual questions affecting individual Class members, including, but not limited to, the following:

(a)     Whether Kohl's falsely advertises price discounts from former "regular" and "original" prices on its apparel and luggage products sold at Kohl's in California;

(b)     Whether the "regular" and/or "original" prices advertised by Kohl's were the prevailing market prices on apparel and luggage products sold at Kohl's in California during the three month periods preceding the dissemination and/or publication of the advertised former prices;

9

(c)    Whether Kohl's use of false or deceptive price advertising constitute false advertising under California law;

(d)    Whether Kohl's engaged in unfair, unlawful and/or fraudulent business practices under California law;

(e)    Whether Kohl's failed to disclose material facts about its product pricing and discounts;

(f)    Whether Kohl's has made false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions;

(g)    Whether Kohl's conduct, as alleged herein, is intentional and knowing;

(h)    Whether Class members are entitled to damages and/or restitution; and, if so, what is the amount of revenues and profits Kohl's received and/or was lost by Class members as a result of the conduct alleged herein;

(i)    Whether Class members are threatened with irreparable harm or are otherwise entitled to injunctive and other equitable relief; and, if so, what is the nature of such relief;

(j)    Whether a backward-reaching injunction is required to remedy the past effects of the unlawful, unfair and fraudulent conduct alleged herein; and if so, what steps are required of Kohl's to correct the consequences of its past wrongful acts alleged herein;

(k)    Whether Plaintiff and Class members are entitled to an award of reasonable attorneys' fees, pre-judgment interest and costs of suit.

40.    **Typicality**: Plaintiff's claims are typical of, and are not antagonistic to, the claims of all Class members.  Plaintiff and the Class he seeks to represent have all been deceived (or were likely to be deceived) and damaged by Kohl's false former price advertising schemes, as alleged herein.  Plaintiff and all Class members have similarly suffered injury, including the loss of money, arising from Kohl's unfair, unlawful and deceptive conduct, as described herein.

41.    **Adequacy**:   Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class members he seeks to represent.  Plaintiff will fairly and adequately represent and protect the interest of the Class because he is not

10

1    antagonistic to the Class.  Plaintiff has retained counsel who are competent and experienced in the

2    prosecution of consumer fraud and class action litigation.

3         42.      **Superiority**:  A class action is superior to other available means for the fair and

4    efficient adjudication of Plaintiff's and Class members' claims.  Plaintiff and members of the

5    Class have suffered monetary harm as a result of Kohl's unfair, unlawful and fraudulent conduct.

6    Because of the relatively modest size of individual Class members' claims, few, if any, Class

7    members could afford to seek legal redress of the wrongs complained of herein on an individual

8    basis.  Absent the class action, Class members and the general public will likely continue to be

9    deceived and suffer monetary losses, and the violations of law described herein will continue

10   without remedy, and Kohl's will be permitted to retain the proceeds of its misdeeds.

11        43.      All Class members, including Plaintiff, were exposed to one or more of Kohl's

12   misrepresentations or omissions of material fact claiming that former "regular" and "original"

13   advertised prices were in existence.  Due to the scope and extent of Kohl's consistent false price

14   advertising scheme, disseminated in a massive, years-long campaign to California consumers via in-

15   store display advertising, internet advertising and print advertising, it can be reasonably inferred that

16   such misrepresentations or omissions of material fact were uniformly made to all members of the

17   Class.  In addition, it can be reasonably presumed that all Class members, including Plaintiff,

18   affirmatively acted in response to the representations contained in Kohl's false advertising scheme

19   when purchasing apparel and/or luggage at Kohl's stores in California.

20                                **FIRST CAUSE OF ACTION**

21                       **(Violation of the "Unfair" Prong of the UCL)**

22        44.      Plaintiff realleges by reference, as if fully set forth herein, all of the above

23   Paragraphs.

24        45.      The UCL defines unfair business competition to include any "unlawful, unfair or

25   fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising.

26   Cal. Bus. & Prof. Code § 17200.

27

28

FIRST AMENDED COMPLAINT

46.     A business act or practice is "unfair" under the Unfair Competition Law if the reasons, justifications and motives of the alleged wrongdoer are outweighed by the gravity of the harm to the alleged victims.

47.     Kohl's has violated and continues to violate the "unfair" prong of the UCL by falsely representing that its California consumers are receiving a price discount from a referenced "regular" or "original" former price of its apparel and luggage where Kohl's, in fact, has inflated the purported "regular" or "original" prices for such products such that the promised discount is false, misleading and deceptive.

48.     These acts and practices are unfair because they are likely to cause consumers to falsely believe that Kohl's is offering value, discounts or bargains from the prevailing market value or worth of the products sold that do not, in fact, exist. As a result, purchasers, including Plaintiff, have reasonably perceived that they are receiving valuable price reductions on purchases of apparel and luggage at Kohl's. This perception has induced reasonable purchasers, including Plaintiff, to buy such products from Kohl's and to refrain from shopping for the same or similar products from competitors of Kohl's.

49.     The gravity of the harm to members of the Class resulting from these unfair acts and practices outweighs any conceivable reasons, justifications and/or motives of Kohl's for engaging in such deceptive acts and practices. By committing the acts and practices alleged above, Kohl's has engaged, and continues to engage, in unfair business practices within the meaning of California Business & Professions Code §§ 17200, *et seq.*

50.     Through its unfair acts and practices, Kohl's has improperly obtained money from Plaintiff and the Class, and continues to improperly obtain money from the general public. As such, Plaintiff requests that this Court cause Kohl's to restore this money to Plaintiff and all Class members, and to enjoin Kohl's from continuing to violate the UCL as discussed herein. Otherwise, Plaintiff, the Class and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted. Plaintiff also requests that this Court order a backward-reaching injunction in order to remedy the past effects of the unfair conduct alleged herein.

FIRST AMENDED COMPLAINT

## SECOND CAUSE OF ACTION

### (Violation of the "Fraudulent" Prong of the UCL)

51.    Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

52.    The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. & Prof. Code § 17200.

53.    A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

54.    Kohl's marketing and advertising materials concerning false "regular" or "original" former prices, including, but not limited to, its in-store advertising displays, print advertising, and internet website advertising are "fraudulent" within the meaning of the UCL because they have deceived Plaintiff, and are likely to deceive members of the general public, into believing that Kohl's is offering value, discounts or bargains from the prevailing market value or worth of the products sold that do not, in fact, exist.  As a result, purchasers, including Plaintiff, have reasonably perceived that they are receiving valuable price reductions on purchases of apparel and luggage at Kohl's.  This perception has induced reasonable purchasers, including Plaintiff, to buy such products from Kohl's and to refrain from shopping for the same or similar products from competitors of Kohl's.

55.    Kohl's acts and practices as described herein have deceived Plaintiff and are highly likely to deceive members of the consuming public.  Specifically, in deciding to purchase apparel and luggage at Kohl's, Plaintiff relied on Kohl's misleading and deceptive representations regarding its "regular," "original," and "sale" price.  Each of these factors played a substantial role in Plaintiff's decision to purchase those products at Kohl's, and Plaintiff would not have purchased those items at Kohl's in the absence of Kohl's misrepresentations.  Accordingly, Plaintiff suffered monetary loss as a direct result of Kohl's practices described herein.

56.    As a result of the conduct described above, Kohl's has been, and will continue to be, unjustly enriched at the expense of Plaintiff and members of the proposed Class.  Specifically,

13

Kohl's has been unjustly enriched by obtaining revenues and profits that it would not otherwise have obtained absent its false, misleading and deceptive conduct.

57. Through its unfair acts and practices, Kohl's has improperly obtained money from Plaintiff and the Class, and continues to improperly obtain money from the general public. As such, Plaintiff requests that this Court cause Kohl's to restore this money to Plaintiff and all Class members, and to enjoin Kohl's from continuing to violate the UCL as discussed herein. Otherwise, Plaintiff, the Class and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted. Plaintiff also requests that this Court order a backward-reaching injunction in order to remedy the past effects of the unfair conduct alleged herein.

**THIRD CAUSE OF ACTION**

**(Violation of the "Unlawful" Prong of the UCL)**

58. Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

59. The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. & Prof. Code § 17200.

60. A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

61. The Federal Trade Commission (FTC) describes false former pricing schemes, similar to Kohl's in all material respects, as deceptive:

> (a) One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article. If the former price is the actual, bona fide price at which the article was offered to the public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison. Where the former price is genuine, the bargain being advertised is a true one. If, on the other hand, the former price being advertised is not bona fide but fictitious – for example, where an artificial price, inflated price was established for the purpose of enabling the subsequent offer of a large reduction – the "bargain" being advertised is a false one; the purchaser is not receiving the unusual value he expects.

(b) A former price is not necessarily fictitious merely because no sales at the advertised price were made. The advertiser should be especially careful, however, in such a case, that the price is one at which the product was openly and actively offered for sale, for a reasonably substantial period of time, in the recent, regular course of his business, honestly and in good faith – and, of course, not for the purpose of establishing a fictitious higher price on which a deceptive comparison might be based.

16 C.F.R. § 233.1.

62. California statutory and regulatory law also expressly prohibits false former pricing schemes. Cal. Bus. & Prof. Code § 17501, entitled *"Value determinations; Former price advertisements,"* states:

For the purpose of this article the worth or value of any thing advertised is the prevailing market price, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published.

*No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement* or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement. [Emphasis added.]

63. As detailed in Plaintiff's Fifth Cause of Action below, Cal. Civ. Code § 1770, subsection (a)(9), prohibits a business from "[a]dvertising goods or services with intent not to sell them as advertised", and subsection (a)(13) prohibits a business from "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions".

64. Kohl's use of and reference to a "regular" or "original" price, or purported discounts of "__% off," in connection with its marketing and advertisements concerning its apparel and luggage violates Title 16, Code of Federal Regulations, Section 233, Cal. Bus. & Prof. Code § 17501, and Cal. Civ. Code § 1770, sections (a)(9) and (a)(13) by advertising false discounts from purported former prices that were, in fact, not the prevailing market prices within three months next preceding the publication and dissemination of advertisements containing the false former prices.

65.     As a result of the conduct described above, Kohl's has been, and will continue to be, unjustly enriched at the expense of Plaintiff and members of the proposed Class.  Specifically, Kohl's has been unjustly enriched by obtaining revenues and profits that it would not otherwise have obtained absent its false, misleading and deceptive conduct.

66.     Through its unfair acts and practices, Kohl's has improperly obtained money from Plaintiff and the Class, and continues to improperly obtain money from the general public.  As such, Plaintiff requests that this Court cause Kohl's to restore this money to Plaintiff and all Class members, and to enjoin Kohl's from continuing to violate the UCL as discussed herein. Otherwise, Plaintiff, the Class and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted. Plaintiff also requests that this Court order a backward-reaching injunction in order to remedy the past effects of the unfair conduct alleged herein.

**FOURTH CAUSE OF ACTION**

**(Violation of the California False Advertising Law,**
**California Business & Professions Code Sections 17500, *et seq*.)**

67.     Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

68.     The California False Advertising Law, prohibits unfair, deceptive, untrue, or misleading advertising, including, but not limited to, false statements as to worth, value and former price.

69.     Kohl's practice of advertising "regular" or "original" sales prices associated with apparel and luggage sold at Kohl's, which are materially greater than the true prevailing prices of those products is an unfair, deceptive and misleading advertising practice because it gives the false impression that the products sold at Kohl's are of a higher quality, value and worth than they actually are.  In fact, the apparel and luggage sold at Kohl's do not have a prevailing market price anywhere close to the "regular" or "original" price advertised by Kohl's.

70.     Through its unfair acts and practices, Kohl's has improperly obtained money from Plaintiff and the Class, and continues to improperly obtain money from the general public.  As

16

1    such, Plaintiff requests that this Court cause Kohl's to restore this money to Plaintiff and all Class

2    members, and to enjoin Kohl's from continuing to violate the UCL as discussed herein.

3    Otherwise, Plaintiff, the Class and members of the general public may be irreparably harmed

4    and/or denied an effective and complete remedy if such an order is not granted. Plaintiff also

5    requests that this Court order a backward-reaching injunction in order to remedy the past effects of

6    the unfair conduct alleged herein.

7                              **FIFTH CAUSE OF ACTION**

8                    **(Violation of the Consumers Legal Remedies Act,**

9                    **California Civil Code Sections 1750, *et seq.*)**

10        71.    Plaintiff realleges by reference, as if fully set forth herein, all of the above

11   Paragraphs.

12        72.    This cause of action is brought pursuant to the Consumers Legal Remedies Act,

13   California Civil Code §§ 1750, *et seq.* (the "CLRA").

14        73.    Plaintiff and each member of the proposed Class are "consumers" within the

15   meaning of Civil Code § 1761(d).

16        74.    Kohl's sale of apparel and luggage to Plaintiff and the Class are "transactions" within

17   the meaning of Civil Code § 1761(e). The apparel and luggage products purchased by Plaintiff and

18   the Class are "goods" within the meaning of Civil Code § 1761(a).

19        75.    Kohl's has engaged in unfair methods of competition and unfair and/or deceptive

20   acts or practices against Plaintiff and the members of the Class, in violation of the CLRA, by

21   falsely representing that consumers, including Plaintiff, were receiving a price discount from

22   referenced "regular" or "original" sales prices of its apparel and luggage where Kohl's inflated the

23   purported "regular" and "original" prices such that the promised discount, value and bargain were

24   false, in violation of Cal. Civ. Code § 1770, subsection (a)(9) ("[a]dvertising goods or services

25   with intent not to sell them as advertised") and subsection (a)(13) ("[m]aking false or misleading

26   statements of fact concerning reasons for, existence of, or amounts of price reductions").

27        76.    As a result of these acts and practices, Plaintiff and the Class were damaged in that

28   Kohl's unlawful and misleading acts and practices alleged herein played a substantial and material

                                          17

                          FIRST AMENDED COMPLAINT

1 | role in Plaintiff's and the Class' decision to purchase apparel and luggage at Kohl's. Absent these
2 | acts and practices, Plaintiff and the Class would not have purchased the apparel and luggage that
3 | they did from Kohl's.

4 |     77.    Pursuant to California Civil Code § 1780(a)(2), Plaintiff, on behalf of himself and
5 | the Class, requests that this Court enjoin Kohl's from continuing to engage in the unlawful and
6 | deceptive methods, acts and practices alleged above. Unless Kohl's is permanently enjoined from
7 | continuing to engage in such violations of the CLRA, future consumers will be damaged by its
8 | acts and practices in the same way as have Plaintiff and the members of the proposed Class.
9 | Plaintiff also requests that this Court case Kohl's to order a backward-reaching injunction in order
10 | to remedy the past effects of the unfair conduct alleged herein.

11 |     78.    Pursuant to Section 1782(a) of the CLRA, on July 27, 2010, Plaintiff's counsel, on
12 | behalf of Plaintiff Antonio S. Hinojos, served Defendants by United States certified mail, return
13 | receipt requested, with notice of Defendants' violations of the CLRA. Defendants acknowledged
14 | receipt of the CLRA demand notice on July 28, 2010 (Kohl's Department Stores, Inc.) and July
15 | 31, 2010 (Kohl's Corp.).

16 |     79.    Defendants have refused or failed to timely respond to the CLRA demand notice.

17 |     80.    Defendants have failed to provide appropriate relief for their violations of the CLRA
18 | within 30 days of receiving   Plaintiff's demand notice. Accordingly, pursuant to Sections 1780
19 | and 1782(b) of the CLRA, Plaintiff is entitled to recover and seeks actual damages, punitive
20 | damages, attorneys' fees and costs, and any other relief the Court deems proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and on behalf of the other members of the Class, requests that this Court award relief as follows:

A.    An order certifying that this action may be maintained as a class action, that Plaintiff be appointed Class Representative and Plaintiff's counsel be appointed Class Counsel;

B.    An Order that Kohl's be permanently enjoined from its improper activities and practices described herein;

18

FIRST AMENDED COMPLAINT

C.      An Order that Kohl's be subject to a backward-reaching injunction in order to remedy the past effects of the improper activities and practices described herein;

D.      Pursuant to Plaintiff's first four causes of action, a judgment awarding Plaintiff and all members of the Class restitution and/or other equitable relief, including, without limitation, disgorgement of all profits and unjust enrichment obtained by Kohl's as a result of its unlawful, unfair and fraudulent business practices described herein;

E.      A judgment awarding Plaintiff and members of the Class actual and compensatory damages in an amount according to proof for Defendants' conduct alleged under all causes of action herein entitling Plaintiff and members of the Class to actual and compensatory damages;

F.      A judgment awarding Plaintiff his costs of suit; including reasonable attorneys' fees pursuant to Civil Code Section 1780(d), Code of Civil Procedure Section 1021.5 and as otherwise permitted by statute; and pre and post-judgment interest; and

G.      Such other and further relief as may be deemed necessary or appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on the Fifth Cause of Action.

DATED: August 30, 2010

EMGE & ASSOCIATES
DEREK J. EMGE

DEREK J. EMGE
525 B Street, Suite 760
San Diego, CA  92101
Telephone:     (619) 595-1400
Facsimile:      (619) 595-1480

STANLEY • IOLA, LLP
MATTHEW J. ZEVIN
525 B Street, Suite 760
San Diego, CA  92101
Telephone:     (619) 235-5306
Facsimile:      (815) 377-8419

Attorneys for Plaintiff Antonio S. Hinojos

19

FIRST AMENDED COMPLAINT