James F. Speyer (Bar No. 133114)
james.speyer@aporter.com
ARNOLD & PORTER LLP
777 Figueroa Street, 44th Floor
Los Angeles, California 90017
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

Angel A. Garganta (Bar No. 163957)
angel.garganta@aporter.com
ARNOLD & PORTER LLP
One Embarcadero Center, 22nd Floor
San Francisco, California 94111
Telephone: (415) 356-3000
Facsimile: (415) 356-3099
*Attorneys for Defendants Kohl's Corporation and Kohl's Department Stores, Inc.*

Matthew J. Zevin (Bar No. 170736)
mzevin@stanleyiola.com
STANLEY • IOLA, LLP
225 Broadway, Suite 1350
San Diego, CA 92101-5039
Telephone: (619) 235-5306
Facsimile: (815) 377-8419

Derek J. Emge (Bar No. 161105)
derek@emgelawfirm.com
EMGE & ASSOCIATES
225 Broadway, Suite 1350
San Diego, CA 92101-5039
Telephone: (619) 595-1400
Facsimile: (619) 595-1480
*Attorneys for Plaintiff Antonio S. Hinojos*

**NOTE CHANGES MADE BY THE COURT**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO S. HINOJOS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>KOHL'S CORP., a Wisconsin corporation; KOHL'S DEPARTMENT STORES, INC., a Delaware corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. CV 10-7590 ODW (AGRx)<br><br>~~[PROPOSED]~~ PROTECTIVE ORDER<br><br>Date:<br>Time:<br>Place:<br><br>Pre-Trial Conference: June 30, 2014<br>Trial: July 22, 2014<br><br>The Honorable Otis D. Wright II |

---

PROTECTIVE ORDER

33961520v2

WHEREAS the parties to these actions, Antonio S. Hinojos, On Behalf of Himself and All Others Similarly Situated, Kohl's Corporation and Kohl's Department Stores, Inc., believe that certain information that is or may be sought by discovery requests or otherwise in these actions constitutes trade secrets or other confidential research, development, financial or commercial information within the meaning of Fed. R. Civ. P. 26(c).

Therefore, IT IS HEREBY STIPULATED, subject to the approval of the Court, that:

1. This Protective Order shall govern the use and dissemination of all information, documents or materials that are produced in this action and designated as Confidential.

2. The term "document" or "documents," as used in this Protective Order, shall have the same meaning as contemplated by the Federal Rules of Civil Procedure.

3. The term "Trade Secret," as used in this Protective Order, is defined to include (a) information, documents, or materials not in the public domain that are so proprietary or competitively sensitive that their public disclosure is likely to cause competitive injury or (b) matters that constitute or contain trade secrets pursuant to applicable state law.

4. The provisions of this Protective Order shall apply to the parties to this action and any person and/or third party who agrees to be bound by the terms of this Protective Order.

**Confidential Information**

5. Any party to this action or other person or entity, including any third party, who produces or supplies information, documents or other materials used in this action (hereinafter the "Designating Party" or the "Producing Party") may designate as "Confidential" any such information, document or material that it reasonably and in good faith believes constitutes or contains Trade Secret information, personal information, information protected from disclosure by

contractual obligations with third-party vendors, or is otherwise protectable under applicable law. The designation "Confidential" shall be made by affixing on the document or material containing such information, and upon each page so designated, a legend bearing the word "**CONFIDENTIAL.**"

6. Depositions may be designated Confidential by indicating that fact on the record at the deposition or in writing within ten (10) business days of receipt of the initial deposition transcript. If a Designating Party has advised the court reporter that Confidential information has been disclosed during a deposition, the court reporter shall include on the cover page the following indication: "**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.**" Within ten (10) business days of receipt of the initial deposition transcript, the Designating Party shall advise the court reporter and opposing counsel of the specific pages and lines in which Confidential information appears. The court reporter shall supplement the transcript to mark the specific pages and lines designated as Confidential and amend the cover page to reflect that these specific designations have been made. Counsel for the opposing party may have immediate access to the deposition transcript, but prior to the page and line designations, shall treat the entire transcript as Confidential, if so designated.

7. Confidential information used in this litigation may be disclosed only to:

    a. This Court and its personnel;

    b. Outside counsel of record and in-house counsel in this litigation including staff persons employed by such counsel;

    c. Any consultant, investigator or expert (collectively, "Expert") who is assisting in the preparation and trial of this litigation and the Expert's secretarial and clerical personnel, but only to the extent reasonably necessary to render such assistance;

    d. A deponent, but only during the course of his or her deposition;

    e. A court reporter and a videographer engaged by a party for purposes of this action, provided, however, that they have access to

Confidential information only to the extent necessary to perform their duties;

  f. Any mediator or arbitrator appointed by the Court or selected by mutual agreement of the parties, and the mediator's or arbitrator's secretarial and clerical personnel;

  g. Outside photocopying, translation, document management, litigation support, trial graphics, e-discovery, and exhibit preparation services engaged by a party for purposes of this action, provided however that such employees have access to Confidential information only to the extent necessary to perform their duties;

  h. Representatives of the parties' insurers who have agreed to provide coverage with respect to the defense of claims in these actions, as well as insurers to whom this matter has been tendered but have not yet issued an opinion on coverage.

 8. If a party wishes to disclose Confidential information to any person not described in paragraph 7 of this Protective Order, permission to so disclose must be requested from the Designating Party in writing. If the Designating Party objects to the proposed disclosure, such disclosure shall not be made unless, upon motion by the party requesting such permission, this Court orders otherwise.

 9. Prior to obtaining access to Confidential information, any person to whom Confidential information may be disclosed pursuant to paragraphs 7 and 8 hereof, except this Court and its personnel, shall be shown and shall read a copy of this Protective Order and shall agree in writing to be bound by its terms by signing a copy of the Confidentiality Acknowledgment annexed hereto as Exhibit A ("Confidentiality Acknowledgment A"). Counsel for the party obtaining a person's signature on the Confidentiality Acknowledgment shall retain the original signed acknowledgment, and, if the Court so orders, shall provide a copy of the signed acknowledgment to all counsel of record.

 10. Any papers to be filed with the Court containing information and/or

[handwritten: AGR]

documents that have been designated as "Confidential" shall be filed [handwritten insertion: Submitted with an application to] under seal in accordance with Local Rule 79-5.1. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

### General Provisions

11. Except to the extent expressly authorized in this Protective Order, Confidential information shall not be used or disclosed for any purpose other than the preparation and trial of this case, and/or any appeal therefrom, subject to the provisions of paragraph 20.

12. Any summary, compilation, notes, copy, electronic image or database containing Confidential information shall be subject to the terms of the Protective Order to the same extent as the material or information from which such summary, compilation, notes, copy, electronic image or database is made or derived.

13. Each recipient of Confidential information shall maintain such information in a secure, safe area and shall exercise, at a minimum, the same standard of care with respect to the storage, custody, use and dissemination of such information as is exercised by the recipient with respect to its own Confidential information, but in no case less than reasonable care.

14. If Confidential information is disclosed to any person other than in a manner authorized by this Order, the person responsible for such disclosure shall upon the discovery of the disclosure immediately inform outside counsel of record of the party whose information is disclosed, shall inform counsel of all pertinent facts relating to such disclosure, and shall work in good faith with counsel to retrieve such information, including making every effort to retrieve the improperly disclosed Confidential information and to prevent further unauthorized disclosure on its own part and unauthorized use or disclosure on the part of the recipient of the Confidential information.

15. Any party may object to a designation by notifying the Designating Party in writing of that objection. That writing also must specify the bates range

- 4 -
PROTECTIVE ORDER

corresponding to the beginning and end of each document subject to objection as well as the bates number of the particular page or pages of such documents that actually contain the designated material to which the objection is made. The Designating Party will have ten (10) calendar days following the receipt of the objection to withdraw its designation or to notify the challenging party of the bases for the asserted designation. The parties shall confer in good faith as to the validity of the designation within ten (10) calendar days after the challenging party has received the notice of the bases for the asserted designation. If the parties are unable to reach an agreement, the challenging party may file and serve a motion to resolve the dispute over the designation of the material. Such a motion may be filed at any time after the conference of the parties, and the Designating Party will not object to such a motion being filed on an *ex parte* basis. The burden of proof with respect to the propriety or correctness of the confidentiality designation shall rest upon the Designating Party. If a motion is filed, information subject to dispute shall, until further order of the Court, be treated consistently with its designation. With respect to any material which is redesignated or ceases to be subject to the protection of this Protective Order, the Designating Party shall, at its expense, provide to each party which so requests additional copies thereof from which all confidentiality legends affixed hereunder have been adjusted to reflect the redesignation or removed as appropriate.

16. Inadvertent failure to designate any information pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within fifteen (15) days of the discovery of the inadvertent failure. At such time, arrangements shall be made for the return to the Designating Party of all copies of the inadvertently misdesignated documents and for the substitution, where appropriate, of properly labeled copies. In the case of inadvertently produced privileged and/or work product documents, upon request of the Producing Party, the documents together with all copies thereof and any notes made therefrom shall be returned immediately to the party claiming privilege and/or

1  work product immunity. The parties do not waive any claim of privilege or work
2  product for any document as to which they presently assert a claim of privilege or
3  work product.
4      17.   Nothing in this Protective Order shall be deemed to restrict in any
5  manner the use by any Designating Party of any information in its own documents
6  and materials. However, if the Designating Party publicly discloses any Confidential
7  documents then the receiving party will no longer be obligated to treat them as
8  Confidential under this protective order.
9      18.   If counsel for any party receives notices of any subpoena or other
10 compulsory process commanding production of Confidential information that a party
11 has obtained under the terms of this Protective Order, counsel for such party shall, if
12 there are fewer than ten (10) days to comply, within two (2), or if more than ten (10)
13 days, at least seven (7) business days prior to the due date of compliance, notify the
14 Designating Party in writing, and shall not produce the Confidential information, until
15 the Designating Party has had reasonable time to take appropriate steps to protect the
16 material. It shall be the responsibility of the Designating Party to obtain relief from the
17 subpoena or order prior to the due date of compliance, and, to give the Designating
18 Party an opportunity to obtain such relief, the party from whom such information is
19 sought shall not make the disclosure before the actual due date of compliance set forth
20 in the subpoena or order. Nothing in this Order shall be construed as authorizing a
21 party to disobey a lawful subpoena or order issued in another action.
22     19.   This Protective Order shall not prevent any of the parties from moving
23 this Court for an order that Confidential information may be disclosed other than in
24 accordance with this Protective Order. This Protective Order is without prejudice to
25 the right of any party to seek modification of it from the Court. It shall remain in
26 effect until such time as it is modified, amended or rescinded by the Court. This
27 Protective Order does not affect any party's rights to object to discovery on any
28 grounds other than an objection based solely on the ground that the information

sought is confidential in nature.

20. This Protective Order is not intended to govern the use of Confidential information at any trial of this action. Questions of the protection of Confidential information during trial will be presented to the Court and the Designating Party prior to or during trial as each party deems appropriate. *[handwritten: Information used at trial shall become public absent a separate]* *[handwritten margin note: AGR]*

21. This Court shall have continuing jurisdiction to modify, enforce, interpret or rescind this Protective Order, notwithstanding the termination of this action.

22. Within sixty (60) days after the conclusion of this action, including the exhaustion of all appeals, counsel for all parties shall return all Confidential information produced in this litigation (other than exhibits at the official court of record) to the Designating Party or shall destroy such information at their own cost. However, documents or materials that contain Confidential information of a Designating Party and the work product of the party in possession of the documents or materials need not be returned to the Designating Party or destroyed. Counsel for any party or third party receiving Confidential information shall make written certification of compliance with this provision and shall deliver the same to counsel for each Designating Party within one hundred twenty (120) days after the conclusion of this action, including the exhaustion of all appeals. The attorneys of record for each party shall be entitled to retain all pleadings, motion papers, court filings, deposition transcripts (and exhibits), legal memoranda, correspondence, notes, and work product.

*[handwritten: Court order upon written motion and sufficient cause shown.]*

Case 2:10-cv-07590-ODW-AGR   Document 71   Filed 09/24/13   Page 9 of 11   Page ID #:686
Case 2:10-cv-07590-ODW-AGR   Document 70-1   Filed 09/18/13   Page 9 of 12   Page ID #:674

| | | |
|---|---|---|
| 1 | Dated: September 18, 2013 | ARNOLD & PORTER LLP |
| 2 | | |
| 3 | | By: /s/ James F. Speyer |
| 4 | | James F. Speyer |
| | | Attorneys for Defendants |
| 5 | | Kohl's Corporation and Kohl's |
| 6 | | Department Stores, Inc. |
| 7 | Dated: September 18, 2013 | STANLEY & IOLA, LLP |
| 8 | | |
| 9 | | By: /s/ Matthew J. Zevin |
| 10 | | Matthew J. Zevin |
| 11 | | |
| 12 | Dated: September 18, 2013 | EMGE & ASSOCIATES |
| 13 | | |
| 14 | | By: /s/ Derek J. Emge |
| | | Derek J. Emge |
| 15 | | |
| 16 | | Attorneys for Plaintiff Antonio S. |
| | | Hinojos |

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

SO ORDERED this 24th day of September, 2013.

*Alicia G. Rosenberg*
The Honorable Alicia G. Rosenberg
United States District Judge

- 8 -
PROTECTIVE ORDER

I, _____, being duly sworn on oath, state the following:

1. I have read and understand the Protective Order to which this Exhibit A is annexed and I attest to my understanding that access to information designated Confidential may be provided to me and that such access is pursuant to the terms and conditions and restrictions of the Protective Order. I agree to be bound by the terms of the Protective Order. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Confidentiality Acknowledgment and the Protective Order.

2. I shall not use or disclose to others, except in accordance with the Protective Order, any Confidential information. I also shall return all Confidential information provided to me in this litigation to case counsel who provided such information to me within sixty (60) days after the conclusion of this action, including the exhaustion of all appeals. If I fail to abide by the terms of this Confidentiality Acknowledgment or the Protective Order, I understand that I may be subject to sanctions under the contempt power of this Court, ~~which includes the power to impose compensatory damages to remedy contemptuous conduct.~~

[initialed: AGR]

Dated:

_____
Signature

_____
Printed Name

_____
Address

- 20 -
CONFIDENTIALITY ACKNOWLEDGMENT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

_____
Individual or Entity Represented