O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ANTONIO S. HINOJOS, individually, and on behalf of all others similarly situated, | Case No. 2:10-cv-07590-ODW (AGRx) |
|---|---|
| Plaintiff, | **ORDER GRANTING EX PARTE APPLICATION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT [86]** |
| v. | |
| KOHL'S CORP., KOHL'S DEPARTMENT STORES, INC., and DOES 1–50, inclusive, | |
| Defendants. | |

On October 24, 2013, Plaintiff filed an Ex Parte Application for leave to file a Second Amended Complaint. (ECF No. 86.) Plaintiff seeks to refine the class description and add two additional plaintiffs to act as substitute class representatives in light of Hinojos's health issues. Because Hinojos has sufficiently established that he was diligent in seeking the proposed amendment, the Court **GRANTS** his request.

The Federal Rules of Civil Procedure take a liberal position on parties amending pleadings before trial. Fed. R. Civ. P. 15(a). But once a district court issues a scheduling and case management order, Rule 15(a)'s generous standard gives way to the more stringent good-cause standard under Rule 16(b)(4). *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).

/ / /

In applying the good-cause standard, a court "primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quotation marks omitted). Accordingly, the Court must examine whether Hinojos was diligent in seeking leave to amend his complaint.

The original deadline to amend the pleadings in the action was September 12, 2013. (ECF No. 65.) On September 12, 2013, Hinojos and Kohl's stipulated to continue the deadline to amend the complaint another 45 days to October 28, 2013. (ECF No. 68.) The Court's Scheduling Order provides that all law and motion matters must be set for hearing—rather than filed—by that deadline.

Plaintiff did not seek leave to amend until October 24, 2013—four days before the deadline and twenty-four days after the last date to file a regularly-noticed motion. (ECF No. 86.) Plaintiff's reason for the delay is that they were unable to secure suitable replacements until mid-October, which was after the deadline to file a regularly-noticed motion. Zevin Decl. ¶¶ 6-7, 11-15; Emge Decl. ¶¶ 6-9. Defendants argue that Hinojos has waited nearly three months from the time when his counsel concluded that a substitution might be necessary in this action to seek leave to amend their complaint. Defendants contend that this delay, coupled with the fact that the proposed amendment would change the definition of the class, makes this request unreasonable.

Hinojos's counsel was aware of his health issues no later than July 31, 2013. (Emge Decl. ¶ 6.) Hinojos's counsel communicated that development to Kohl's and subsequently to the Court in the Joint Status Report filed on August 5, 2013. (ECF No. 64.) Throughout August and September 2013, Hinojos's counsel received a number of calls and emails from "other consumers from around the country who voiced similar complaints about Kohl's pricing practices." (Emge Decl. ¶ 7.) But

///

1  Counsel's investigation and interviews of these potential plaintiffs yielded no one
2  willing or suitable to serve as a class representative. (*Id.*)

3  The Court finds that Hinojos's counsel was sufficiently diligent in securing
4  replacement class representatives and seeking leave to amend the complaint.
5  Hinojos's counsel promptly notified the Court of his health issues and sought
6  substitute class representatives as soon as they became aware that Hinojos's health
7  status might affect his ability to represent the class. Although it took Hinojos's
8  counsel almost three months to find suitable replacement class representatives, this
9  time seems reasonable in light of the time required to identify, investigate, and
10 interview absent class members to find a suitable candidate. Moreover, the Court is
11 sensitive to the ethical concerns and other rules constraining the solicitation of clients.

12 Defendants argue that allowing Hinojos to file an amended complaint at this
13 time will make it difficult for defendants to receive sufficient discovery responses
14 prior to class certification briefing. But district courts have broad discretion over the
15 class certification process, including whether to permit certification -related discovery.
16 *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009). A party
17 is not entitled to certification discovery, though the pleadings alone often do not
18 suffice to resolve the certification question. *Id.* Additionally, the discovery cut-off
19 date in this action is not until April 21, 20014—enough time for any follow-up
20 discovery Defendant wishes to engage in. (ECF No. 65.)

21 Although prejudice to the opposing party "might supply additional reasons to
22 deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking
23 modification." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).
24 Because the Court finds that, under all of the circumstances, Hinojos was diligent in
25 seeking leave to amend his complaint, the Court finds that good cause exists to modify
26 the Court's Scheduling Order.

27 / / /
28 / / /

Accordingly, the Court and **GRANTS** Hinojos's Ex Parte Application for leave to file a second amended complaint.

**IT IS SO ORDERED.**

October 29, 2013

_____
**HON. OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE**